Tyler *v.* Alford.

---

## TYLER *versus* ALFORD.

A justice of the peace, for any act done in his *judicial* capacity, is not liable in a civil action; but if he act *corruptly* in his *ministerial* duties, he is liable to the party injured.

An arrest on an execution issued upon a judgment lawfully rendered by a magistrate, will not support an action for assault and battery and false imprisonment, against the magistrate, by evidence that he refused to allow an *appeal* claimed from *such judgment,* when sufficient sureties were offered and his fees paid.

ON REPORT, HATHAWAY, J., presiding.

TRESPASS. Plea, general issue.

The declaration contained one count only, and alleged an assault and battery and imprisonment for one day, and by means of the false imprisonment defendant compelled the plaintiff to pay $20.

It appeared, that defendant was a justice of the peace, and four actions were tried by him on one day against the

plaintiff, in which judgment was rendered against him. From these judgments he claimed an appeal and offered satisfactory surety and paid the magistrate eighty cents, but defendant refused to allow the appeals without a payment of $1,50, each, for copies, claimed under c. 205, of the Acts of 1846.

Upon one of these judgments, execution has issued, and defendant arrested and committed to prison.

This was the evidence in support of the action, and on motion of defendant a nonsuit was ordered; and it was agreed, that if, upon this evidence, the action was maintainable, the nonsuit should be taken off and the action stand for trial, otherwise to be confirmed.

*Knowles & Briggs,* for plaintiff, cited *Briggs* v. *Wardwell,* 10 Mass. 356; *Pratt* v. *Gardiner,* 2 Cush. 63, and a case from North Carolina, Cam. & Nor. 494.

*Wilson,* for defendant, cited *Tompkins* v. *Sands,* 8 Wend. 462.

HOWARD, J. — The plaintiff alleges in his declaration, that the defendant assaulted him on June 6, 1850, and then and there, with force and arms, "beat, bruised, wounded and imprisoned" him, and "detained him in prison for the space of one day," against his will, and compelled him "by means of said false imprisonment to pay a large sum of money, amounting to the sum of twenty dollars." For that, and that only, stated in a single count, this action is brought. But the evidence offered tended to show, that the defendant refused to allow an appeal from a judgment rendered by him, as a justice of the peace, on March 2, 1850, in a suit in which the plaintiff was the defendant, and claimed an appeal. The gravamen would seem, from the evidence and the argument, to have been the refusal of the magistrate to allow an appeal from his judgment, and the issuing an execution upon which the plaintiff has been arrested and imprisoned.

In rendering the judgment, the justice acted in a judicial character, and within his jurisdiction, and is not responsible

for errors of judgment; nor is he liable, in a civil suit, for any act done by him in his judicial capacity. This doctrine of the protection of judicial officers in their official acts, was maintained by KENT, then Chief Justice, in *Yates* v. *Lansing,* 5 Johns. 287, and supported by an undisturbed current of decisions in the *English* Courts. "*Juvat accedere fontes atque haurire.*" *Yates, in error,* v. *Lansing,* S. C. 9 Johns. 395; *Pratt* v. *Gardner,* 2 Cush. 63; *Tompkins* v. *Sands,* 8 Wend. 462.

But in determining upon the supposed appeal, as well as in issuing the execution, the justice acted ministerially, in a matter demanding the exercise of his discretion. In such cases he may be amenable to a party injured, if he act corruptly. In the case at bar, however, it is not averred that he conducted either corruptly, willfully or erroneously, or that he acted officially. Indeed the case stated in the declaration, and the case intended to be proved, if the evidence offered be regarded as proof, are widely different; so different that a judgment in the one, would be no bar to a suit and judgment in the other. But neither is supported by the evidence.                      *Nonsuit confirmed.*

SHEPLEY, C. J., and TENNEY and APPLETON, J. J., concurred.