## HOWE v. MASON et al.

1. EVIDENCE: ACTION ON OFFICIAL BOND. In an action against an officer on his official bond, for carelessly, negligently, wilfully and corruptly taking insufficient security on a replevin bond, evidence offered by the defendant for the purpose of showing that he acted "honestly and in good faith and with no corrupt or improper motives" in approving the bond, is admissible.

*Appeal from Clayton District Court.*

WEDNESDAY, OCTOBER 16.

ONE Lester sued Howe, the plaintiff, in replevin before the defendant Mason, a justice of the peace. Howe succeeded in that action and now sues Mason and his sureties on his official bond for taking insufficient sureties on the replevin bond, alleging that he knew the sureties to be worthless, and accepted the same carelessly, negligently, wilfully and corruptly. The answer is in denial, generally and specifically. On the trial defendants proposed to prove "that Mason, in approving the security on the replevin bond, acted honestly and in good faith, and with no corrupt or improper motive, believing the said security to be good and sufficient," to which plaintiff objected. This objection was sustained, defendants appeal and assign this ruling as error.

*Odell & Updegraff* for the appellants.

1. If the defendant Mason acted honestly and in good faith and with no corrupt or impure motive, believing said security to be good and sufficient when he took the same, there has been no breach of said bond; the action against defendants cannot be sustained; and the court erred in rejecting the testimony offered by the appellants and in rendering judgment in the cause.

2. If the defendant Mason acted judicially in approving

the security to the bond, it is well settled that he and his securities are not liable.

3. A justice acts ministerially in such things as issuing execution and other process, and if in so doing, he acts irregularly and officiously, he is liable. In such cases as these the justice has no discretion. *Percival* v. *Jones*, 2 Johns. Cas. 49; *Taylor* v. *Trask*, 7 Cowen 249.

But there are many cases when magistrates or others are entrusted with a discretion, where it would be difficult to say that they acted judicially or ministerially. Such are the acts of inspectors of elections; such, also, are the acts of the commissioners of excise in granting and refusing license; and in both of these cases it is well settled that, if they have acted honestly, though erroneously, no action lies. *Tompkins* v. *Sands*, 8 Wend. 467. And the same rule applies where a justice of the peace approves or refuses to approve an appeal bond.

An officer is not liable in trespass for the erroneous exercise of official acts, unless he exceed his authority or act corruptly. *Hatfield* v. *Towsley*, 3 G. Greene, 584. It may be laid down as a general rule that wherever the officer has acted honestly, though mistakenly, where he supposed he was in the execution of his duty, although he had no authority to act, he is entitled to the protection of the act. *Jones* v. *Hughes*, 5 S. & R. 301. A justice of the peace who takes insufficient security on an appeal bond is not individually responsible, unless it be shown that he acted from *corrupt* or *impure* motives. *Lester* v. *Governor*, 12 Ala. 624. An action will not lie against a judge of Probate for neglecting to take security from the guardian of an infant, although the infant had personal estate, and the guardian was bankrupt, his exemption was placed upon his judicial character, and the omission was by mistake. *Phelps* v. *Sill*, 1 Day 315. Officers required by law to exercise their

judgment are not answerable for mistakes in law or mere errors of judgment without any *fraud* or *malice*. 11 John. 114.

WRIGHT, J.—Appellants position is sustained by the following authorities which we cite, and without repeating the arguments made, conclude that the testimony should have been received. *Hatfield* v. *Towsley*, 3 G. Greene, 584; *Yates* v. *Lansing*, 5 Johns. 282; *S. C.* 9 Ib. 395; *Vanderheyder* v. *Young*, 11 Ib. 150; *Jenkins* v. *Waldron*, Ib. 114; *Linford* v. *Fitzroy*, 13 Ad. & Ell. 240; *Chickering* v. *Robininson*, 3 Cush. 543; *Tyter* v. *Alford*, 38 Maine 530; *Pratt* v. *Gardener*, 2 Cush. 63; *Bullitt* v. *Clement*, 16 B. Monr. 193; 1 Chit. Pl, 68; 2 Hilliard on Torts, Ch. 19, p. 311.

The testimony offered tended to show due care and diligence, and as a consequence, the absence of negligence.

Reversed.