## H. G. BANISTER *v.* S. B. WAKEMAN.

*Justice of the Peace.    Judicial and ministerial acts.    Malice.*

1.  A judge is not liable to a civil action for a judicial act, and a justice of the peace is a judge within the application of this rule.

2.  The examination of witnesses, the admission or rejection of evidence, and the passing of sentence are all judicial acts.

3.  A respondent in a criminal prosecution before a justice has an absolute right of appeal within two hours, and from the moment such appeal is taken the justice has no further jurisdiction in the premises.

4.  His acts in making up the record and issuing a mittimus are ministerial acts for which an action will lie.

5.  And if he has been actuated by malice, that may be considered by the jury upon the question of exemplary damages.

Action on the case.    Heard at the February term, 1891, Orleans county, Tyler, J., presiding, upon general demurrer to the first count of the plaintiff's declaration.    The demurrer was sustained *pro forma*, and the plaintiff excepted.

The first count, after alleging the issuing of a warrant by the defendant upon the complaint of a town grand juror, and the arrest and production of the plaintiff upon the same continued :

"And the plaintiff being then before said Wakeman, justice of the peace as aforesaid, the said Wakeman while then and there pretending to act as a justice of the peace in the trial of the plaintiff upon the charge contained in said complaint, also then and there acted as attorney for the State or for said grand juror, and as such attorney examined each and all the witnesses offered or called by said grand juror.    And the plaintiff then and there during said trial before said Wakeman as such justice of the peace, moved, desired and requested of the said Wakeman, as such justice of the peace, to be permitted to introduce, and then and there offered to introduce, certain witnesses and evidence for the purpose of proving that

plaintiff was not guilty of the criminal offence charged against the plaintiff in said complaint, and the said Wakeman did then and there, contrary to his duty and oath as such justice of the peace, and with intent to injure the plaintiff, wilfully and maliciously refuse to hear any witnesses or evidence favorable to the plaintiff upon said trial, or any testimony offered by the said H. G. Banister. And the defendant having wilfully, and maliciously and illegally refused said request, did wilfully and maliciously and illegally convict the plaintiff of being guilty of said alleged criminal assault, of which the plaintiff was not guilty, and the defendant did then and there maliciously and wrongfully order and sentence the plaintiff to pay a fine of ten dollars to the treasurer of the town of Jay and the costs of said prosecution, taxed at eight dollars and nine cents, and to stand committed until sentence be complied with, and did then and there further order, after having determined that the costs of commitment would be twenty-five dollars, that in case said fine and costs should not be paid within twenty-four hours after the said 8th day of November, A. D., 1889, at 12 o'clock noon of said day, the said plaintiff should be confined at hard labor in the House of Correction at Rutland, in the county of Rutland, for the term of 129 days, to be computed from the day of commitment of the plaintiff to the keeper of said house of correction, or until he pay the balance of said fine and costs of commitment, taxed at twenty-five dollars, after deducting therefrom the sums of thirty-three and one-third cents for each day he will have been imprisoned or confined as aforesaid under said sentence or order. Which said unlawful and malicious sentence the plaintiff refused to comply with, and then and there on said 8th day of November, and within two hours after the rendition of said judgment, moved, asked for, and prayed the said Wakeman as such justice of the peace, for an appeal from his said judgment, to the next stated term of the county court to be holden at Newport, within and for said county of Orleans, on the first Tuesday of February, A. D., 1890. And then and there, within two hours from the rendition of said judgment the plaintiff offered and tendered to said Justice of the Peace, twenty-five cents in good and lawful money, for said defendant's fees on the granting of said appeal, and then and there within two hours after the rendition of said judgment, the plaintiff offered to furnish before said Justice, and did then and there have before said Justice, ready to enter into recognizance, good and sufficient surety bail that the plaintiff should personally appear before said county court and prosecute his appeal from said judgment of the defendant, as

such Justice of the Peace, and abide the order or sentence of said county court thereon. And the said defendant, S. B. Wakeman, then and there wrongfully, knowingly, and maliciously and contrary to his duty and oath as a Justice of the Peace and with intent to injure the plaintiff, refused to grant the plaintiff an appeal from the said judgment of the said defendant as Justice of the Peace, and there and then committed the body of the plaintiff into the custody of said deputy sheriff for safe keeping until the plaintiff should pay said fine and costs or a mittimus should be made and delivered to said deputy sheriff."

And the said defendant did then and there, after having refused to grant an appeal to plaintiff as aforesaid, to wit; on the 8th day of November A. D. 1889, at said Jay, maliciously and wrongfully and with the intent to injure the plaintiff issue his warrant of mittimus under his hand, as such justice of the peace, directed to any sheriff or constable in the State, therein and thereby commanding any sheriff or constable in the State of Vermont to commit the body of the plaintiff, the said H. G. Banister, to the keeper of the House of Correction in Rutland, in the county of Rutland within the said House of Correction, who was thereby and therein commanded to receive the plaintiff, the said H. G. Banister, and him employ at hard labor in said House of Correction, for the full term of 129 days or until he should be sooner discharged according to law. And dated his said mittimus, at said Jay, the 8th day of November, A. D. 1889. And said mittimus was then and there delivered to the said J. W. Sheldon, deputy sheriff as aforesaid."

The count then alleged that the plaintiff was arrested upon this mittimus, and subsequently released upon *habeas corpus.*

*Crane & Alfred,* for the defendant.

A justice sitting as a trial court, may properly examine the witnesses produced before him. Whar. Cr. Ev., s. 452.

A justice is not liable to a private action for acts within his jurisdiction. *Gwinne* v. *Pool,* Lutg. 290; *Raymond* v. *Bolles,* 11 Cush., 315, 317; *Allec* v. *Reece,* 39 Fed. Rep. 341; *Bradley*

v. *Fisher,* 13 Wall., 335; *Yates* v. *Lansing,* 5 Johns. 282; *Lange* v. *Benedict,* 73 N. Y. 12 ; *Pratt* v. *Gardner,* 2 Cush. 63; *Kelley* v. *Dresser,* 1 Allen 31.

The issuing of a mittimus is a part of the trial and a judicial act. *Hammond* v. *Dresser,* 1 Mod., 184; *Drowning* v. *Herrick,* 47 Me., 462; *Evans* v. *Foster,* 1 N. H. 374; *Kibling* v. *Clark,* 53 Vt. 379, per Ross, J., p. 383–4; *Morse* v. *White,* 139 Mass. 162, per Morton C. J. 163 ; *Cooke* v. *Bangs,* 31 Fed. Rep. 640.

To take recognizance or bail is a judicial act. *Chickering* v. *Robinson,* 3 Cush. 543 ; *Way* v. *Townsend,* 4 Allen, 114; *Linford* v. *Fitzroy,* 13 Ad. & Ell. N. S. 240.

So is the granting or refusing of an appeal. *Jordan* v. *Hanson,* 49 N. H. 199 ; *State* v. *Towle,* 42 N. H. 540 ; *Tichenor* v. *Hewson,* 14 N. J. L. 26.

If a judge acts maliciously and corruptly he is not liable to a private action until he has been first impeached. *Taylor* v. *Doremus,* 16 N. J. L. 476 ; *Maynold* v. *Thorpe,* 33 N. J. L. 134; *Cunningham* v. *Bucklin,* 8 Cowen, 178 ; *Kress et al.* v. *State, ex rel. Wagoner,* 65 Ind. 106 ; *Fausler* v. *Parsons,* 6 West Va. 486 ; *Stewart* v. *Cooley,* 23 Minn. 347; *Jones* v. *Brown,* 54 Iowa, 74 ; *Scott* v. *Stanfield,* 3 L. R. Exch. 220.

*Dickerman & Young,* for the plaintiff.

The plaintiff had an absolute right to appeal from the judgment of the justice within two hours, and when that was done the cause passed from the jurisdiction of the justice. Sec. 1673 R. L.; *Re* Kennedy, 55 Vt. 1.

The subsequent issuing of the mittimus was a ministerial act for which the defendant is liable. *Kendall* v. *Powers,* 4 Met. 533 ; *Briggs* v. *Wardwell,* 10 Mass. 356; *Whipple* v. *Kent et al.,* 2 Gray, 410 ; *Morrill* v. *Thurston,* 46 Vt. 732 ; *Vermont Mutual Fire Insurance Co.* v. *Cummings,* 11 Vt. 503 ; *Kelley* v. *Bemis,* 4 Gray 83 ; 2 Hil. Torts, pp. 172, 186 ; *Daggett* v. *Cook,*

11 Cush. 262; Add. Torts, s. 964, and notes; *Jones* v. *Elliott et al.*, 35 Me. 137.

Refusing the plaintiff his right of appeal was a ministerial act. *Tyler* v. *Alford*, 38 Me. 532; *Tompkins* v. *Sands*, 8 Wend. 462; *Houghton* v. *Swarthout*, 1 Denio 589.

The issuing of an execution is ministerial. *Noxon* v. *Hill*, 2 Allen 215; *Blanchard et al.* v. *Waters*, 10 Met. 187; *Fisher v. Dean*, 107 Mass. 118; *Abee* v. *Ward*, 8 Mass. 84; *Sullivan* v. *Jones*, 2 Gray, 570; *Aiken* v. *Richardson*, 15 Vt. 500; *Longe* v. *Benedict*, 73 N. Y. 36; *Spencer* v. *Perry*, 17 Me. 413.

In issuing the mittimus the defendant acted without jurisdiction and is liable. Add. Torts, Sec. 1020, 965; *Piper* v. *Pearsons*, 2 Gray, 120; *Vaughn* v. *Congden*, 56 Vt. 111; *Wright* v. *Hazen & Gordon*, 24 Vt. 143; *Leary v. Patrick*, 69 E. C. L. 266; *Clark* v. *May*, 2 Gray 410.

The opinion of the court was delivered by

THOMPSON, J. In the criminal prosecution against the plaintiff instituted before the defendant as a justice of the peace, he had jurisdiction of the person of the plaintiff, of the offense charged and of the process issued to apprehend the plaintiff, by which he was brought before the justice to answer to the alleged assault and battery. Having at the outset jurisdiction of the subject matter, the person and the original process, it is insisted by the defendant that all his subsequent acts as alleged and complained of in the plaintiff's declaration and admitted by the demurrer, were done by him while acting in a judicial capacity, and that consequently he is not answerable therefor in a civil action.

A judicial officer, acting within his jurisdiction and in a judicial capacity, is not liable in a private action for his judicial acts. In this respect a justice of the peace has the same immunity as a judge of the Supreme Court. *Pratt* v. *Gardner*, 2 Cush 63; *Yates* v. *Lansing*, 9 Johns. 395 (6 Am. Dec. 290 and note); *Randall* v. *Brigham*, 7 Wall. 523 (L. Ed. Book 19, 285);

*Bradley* v. *Fisher*, 13 Wall. 335 (L. Ed. Book 20, 646); *Lange* v. *Benedict*, 73 N. Y. 12 (29 Am. Rep. 80); *Floyd* v. *Barker*, 12 Coke 24; *Scott* v. *Stanfield*, L. R. 3 Ex. 220 ; *Munster* v. *Lamb*, 28 Alb. Law Jour. 445 (49 L. T. Rep. [N. S.] 253.) The reason of this rule is well stated by Judge Powers in his dissenting opinion in *Vaughn* v. *Congdon*, 56 Vt. 111, where he says : "Immunity from liability in favor of the judges rests upon the broad ground of public policy, which declares that a judge, for acts done by him in his public capacity, *is absolutely privileged from action*. It is an official privilege, which, though it covers a multitude of sins, is still absolutely essential to the due administration of justice. It is a privilege not primarily designed for the protection of the judge, but for the *protection of the public*, by making the judges free, independent and fearless in the discharge of their duties. No judge could act independently if conscious that he was exposed to an action by every disappointed suitor in his court. If a judge were liable to action, then the question whether he has properly discharged his judicial duties must be submitted to jury to determine according to their notions. In like manner the judge trying his case could be sued, his conduct reviewed, and so on *ad infinitum*."

This exemption of judges from civil liability is not affected by the motives or intent with which their judicial acts are performed. The purity of their motives and conduct cannot in this way be made the subject of judicial inquiry. *Floyd* v. *Barker, Scott* v. *Stanfield, Bradley* v. *Fisher, Randall* v. *Brigham, Pratt* v. *Gardner, Munster* v. *Lamb, supra. Taylor* v. *Doremus*, 16 N. J. Law 473. In *Fray* v. *Blackburn*, 3 Best & S. 576, one of the judges of the Court of Queen's Bench was sued for a judicial act, and on demurrer, one point taken was that there was no allegation of malice. After argument, the plaintiff applied for leave to amend by introducing an allegation of malice and corruption, which leave was refused. In denying the motion the court said : " It is a principle of our law that no

action will lie against a judge of one of the Superior Courts for a judicial act, though it be alleged to have been done maliciously and corruptly; therefore the proposed allegation would not make the declaration good. The public are deeply interested in this rule, which, indeed, exists for their benefit, and was established in order to secure the independence of the judges, and prevent their being harrassed by vexatious actions."

The defendant, as the justice holding the court before which the plaintiff was tried, had the right to interrogate the witnesses produced on trial. This is often done by the presiding judge in the County Court when deemed necessary to elicit the facts in issue or to prevent a miscarriage of justice. It is a matter which rests in the sound discretion of the court before which the trial is had, even to the extent of asking leading questions.

It is alleged that the defendant at the trial of the plaintiff excluded witnesses and rejected evidence offered by him. Whether the witnesses were competent or the evidence offered was relevent to the issue on trial, was a question clearly within the judicial power of the defendant as justice to determine, and he is not answerable for his decision excluding the same. In short, all the acts of the defendant to and including the sentence imposed upon the plaintiff, as alleged in the declaration, were such judicial acts that he cannot be made answerable for the same in a civil action.

R. L. s. 1673 provides that "the respondent may appeal from any judgment or sentence of a justice against him, if the appeal is claimed within two hours after the rendition of judgment." The plaintiff was entitled to an appeal to the County Court from the judgment and sentence of the defendant as justice, without offering or procuring bail for his appearance at the County Court. In *Re Kennedy*, 55 Vt. 1. It is admitted that the plaintiff asked for an appeal from the judgment and sentence of the justice within two hours after the rendition thereof. The

statute grants the appeal and it became operative by virtue of the statute when demanded · and there was nothing left for the magistrate to do in respect to it, except to make the record show_ ing that an appeal had been taken, which record is a mere ministerial act.   5 Bac. Abr. (Bouvier's Ed.) 401.   He had no right nor power to refuse the appeal for it was not, on the conceded facts, an open question for him to pass upon.

When the plaintiff said " I appeal," the appeal was then taken and at once became operative to suspend the judgment and sentence of the justice, and his authority to issue a mittimus to carry his sentence into effect was at an end until after the adjournment of the court to which the appeal was taken, and even then his power to issue such mittimus would not be revived unless both the respondent and the prosecuting officer failed to enter the case in the appellate court.   R. L. s. 1676.

It is argued that the issuing of the mittimus by the defendant was a judicial act.   This contention is not sound.   The issuing of mesne and final process in civil actions and of a mittimus of this kind in criminal proceedings is a ministerial act.   The distinction between the judicial and ministerial powers and duties of justices of the peace, is well settled.   As before stated, when acting in the former capacity and within the limits of the jurisdiction conferred upon them, they are exempted like judges of other courts from liability to answer elsewhere in private actions for their official orders, decrees and judgments.    But they are responsible in civil suits to individuals for all damages arising from every illegal act they may have done in the exercise of their ministerial powers or in the discharge of their ministerial duties. A justice has no clerk for his court, but he acts as clerk as well as court.   His court is a court of record.   By R. L. s. 828 it is made the duty of every justice to keep a record of his judicial proceedings in civil and criminal cases.    In issuing mesne and final process his duty and liability are the same as that of the clerk of any other court issuing like process.   *Graham* v. *Todd,*

H. G. Banister *v.* S. B. Wakeman.

9 Vt. 166 ; *Insurance Co.* v. *Cummings,* 11 Vt. 503 ; *Albee* v. *Ward,* 8 Mass. 84 ; *Briggs* v. *Wardwell,* 10 Mass. 356 ; *Kendall* v. *Powers,* 4 Met. 553 ; *Blanchard* v. *Waters,* 10 Met. 185 ; *Sullivan* v. *Jones,* 2 Gray 570 ; *Noxon* v. *Hill,* 2 Allen 215 ; *Taylor* v. *Doremus,* 16 N. J. Law 473 ; *Allen* v. *Gray,* 11 Conn. 103 ; *Coltraine* v. *McCain,* 3 Dev. 308 ; *Jones* v. *Elliot,* 35 Maine, 137 ; *Tyler* v. *Alford,* 38 Maine 530 ; *Tompkins* v. *Sands,* 8 Wend. 462 ; (24 Am. Dec. 46 & Note); *Houghton* v. *Swarthout,* 1 Denio 589 ; *Hill* v. *Bateman,* 1 Strange 710.

The defendant is therefore liable for whatever damages were occasioned to the plaintiff by the unlawful issuing of the mittimus. If he issued it with the malicious and wrongful intent to injure the plaintiff, that is a fact for the jury to consider in deciding whether or not they will allow exemplary damages.

*Judgment reversed, demurrer overruled, and the first count adjudged sufficient. Cause remanded with leave to plead.*