## James Polidor v. Frank G. Mahady

[287 A.2d 841]

No. 72-70

Present: Shangraw, Barney, Smith and Keyser, JJ., and Daley, Supr. J.

Opinion Filed February 1, 1972

*John A. Burgess,* Montpelier, on oral argument for Plaintiff; *James Polidor, pro se,* on the brief.

*Conley & Foote,* Middlebury, for Defendant.

**Barney, J.** The defendant is being sued civilly for his actions as state's attorney for Windsor County. The plaintiff was arrested on criminal process issued upon the defendant's oath of office. After the matter had been pending some seven months it was *nolle prossed*. The plaintiff was under confinement at the state's prison on other charges at all times relevant to this suit.

The plaintiff was charged by the defendant with possession of a regulated drug with intent to sell the same in violation of 18 V.S.A. § 4224(d). The drug referred to in the complaint was called "Elavail", and apparently is chemically described as amitriptyline hydrochloride. The plaintiff claims that this is not a regulated drug within the various chemical descriptions given in 18 V.S.A. § 4224(d), and, even if it is, "there was not the 'one hundred therapeutic doses' as required in order to charge 'possession with intent to sell' ". His tort action against the defendant Mahady is based on these claimed deficiencies.

The defendant responded by denying generally every material allegation of the plaintiff's complaint and, in addition, moved for dismissal of the action. When that motion was denied below, he asked and obtained leave to certify the issues raised by the motion to this Court before trial. One of those issues, relating to commencement of the action by body writ, has been withdrawn.

The remaining four questions are but aspects of the issue central to this litigation, which will be treated as the question certified here: "Does any civil immunity attach to a state's attorney in the performance of his official duties?"

There is civil immunity for judicial officers under our law. *Banister* v. *Wakeman,* 64 Vt. 203, 207–09, 23 A. 585 (1891). So long as such an officer is performing an act that may be categorized as judicial and its performance is within his general authority, his motive for acting is not subject to inquiry in a private suit. *Nadeau* v. *Marchessault,* 112 Vt. 309, 313, 24 A.2d 352 (1942). This immunity does not reach beyond judicial acts, *Banister* v. *Wakeman, supra,* 64 Vt. at 209–10, but is applicable to officers other than judges whose duties include judicial or quasi-judicial responsibilities. *Nadeau* v. *Marchessault, supra,* 112 Vt. at 311.

■ Under the law of this state the issuance of criminal process, a heavy responsibility which the state's attorney is duty-bound to carefully exercise, involves the exercise of that judgment and discretion based on factual inquiry characterized as judicial in *Nadeau* v. *Marchessault, supra,* 112 Vt. at 311. See *State* v. *Donaldson,* 101 Vt. 483, 486, 144 A. 684 (1929). The process is then properly subject to the scrutiny of a magistrate, an equally responsible duty, and certainly judicial. *In re Davis,* 126 Vt. 142, 145, 224 A.2d 905 (1966). It appears from the plaintiff's complaint that the criminal process involved here was regularly issued, and the factual allegations display no such straying from official function as to put the action of the prosecutor outside the protection of his judicial role. Civil liability does not, therefore, attach.

Although Rev. Stat. § 1979 (1875), 42 U.S.C. § 1983, as part of the laws of the United States, has increased the concern of the Federal courts with prosecutorial actions, they have still retained the concept of judicial immunity, and applied it to prosecutors where appropriate. *Robichaud* v. *Ronan,* 351 F.2d 533, 536 (9th Cir. 1965). As that case points out, the protection from civil liability extends only to acts of the prosecutor properly denominated judicial or quasi-judicial. Thus, this judicial immunity is not limitless, since it does not protect judicial officers acting clearly beyond the reach of their office and jurisdiction. Acts which are only in excess of jurisdiction, such as those ordinarily justifying a dismissal of a criminal complaint on challenge by proper motion, are not, without more, "clearly outside" the jurisdiction of a prosecutor, and even under Federal law the officer is not thereby exposed to liability. *Bauers* v. *Heisel,* 361 F.2d 581, 590–91 (3d Cir. 1966). These principles equally justify the dismissal of this civil suit.

*The inquiries to this Court are answered in the following manner:*

*The defendant prosecutor is, in this case, immune from suit; the complaint therefore fails to state a claim upon which relief can be granted; and the defendant's motion to dismiss ought to have been granted below.*

*Under the provisions of 12 V.S.A. § 2386 the action may be dismissed here, and it is so ordered.*