# Jay Edward Muzzy v. State of Vermont, Acting By and Through the Rutland County State's Attorney and the Rutland County Public Defender

[583 A.2d 82]

No. 89-039

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed September 21, 1990

Motion for Reargument Denied October 16, 1990

*Michael Ledden* of *Medor & McCamley*, Rutland, for Plaintiff-Appellant.

*Abell, Kenlan, Schwiebert & Hall, P.C.*, Rutland, for Defendant-Appellee.

**Gibson, J.** Plaintiff sued defendant Rutland County State's Attorney after being arrested and detained on a DWI charge that the deputy state's attorney had previously agreed to dismiss in connection with a plea agreement on another charge. The deputy state's attorney who negotiated the plea agreement neglected to secure the dismissal of the DWI charge and plaintiff's unwarranted arrest followed. Plaintiff appeals from an order granting summary judgment in favor of defendant on the basis of official immunity. We affirm.

■■ Judicial officers, including prosecutors, have absolute immunity from civil suits to the extent that the actions complained of are associated with the judicial phase of the criminal process and are within the general authority of the officer. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Polidor v. Mahady*, 130 Vt. 173, 174, 287 A.2d 841, 843 (1972).* This protection encompasses any act closely associated with litigation or potential litigation, but does not cover administrative functions, *Barbera v. Smith*, 836 F.2d 96, 99 (2d Cir. 1987); *Barrett v. United States*, 798 F.2d 565, 571–72 (2d Cir. 1986), or investigative functions that are not a part of the judicial function. See *Blake v. Rupe*, 651 P.2d 1096, 1104 (Wyo. 1982). Accordingly, absolute immunity is extended to prosecutorial activities that concern, among other things, the decision whether to prosecute and the conduct of a plea bargain. *Barbera*, 836 F.2d at 99–100.

---

* *Polidor* and *Imbler* make it clear that when prosecutors perform quasi-judicial functions, they have the same immunity as judges. Therefore, to the extent that *Levinsky v. Diamond*, 151 Vt. 178, 559 A.2d 1073 (1989), in its analysis of official immunity, considers prosecutors acting in their quasi-judicial role as executive rather than judicial officers, it is overruled.

When a prosecutor performs a quasi-judicial act, "his motive for acting is not subject to inquiry in a private suit," *Polidor*, 130 Vt. at 174, 287 A.2d at 843, even if there is a claim of willful or malicious conduct. See *Yaselli v. Goff*, 12 F.2d 396, 402 (2d Cir. 1926), *aff'd*, 275 U.S. 503 (1927). Thus, an inquiry into the discretionary or ministerial nature of the act is not appropriate unless the act triggers only qualified immunity. *Levinsky v. Diamond*, 151 Vt. 178, 185, 559 A.2d 1073, 1078 (1989). Furthermore, absolute immunity protects acts of negligence or oversight that occur within the scope of the prosecutor's quasi-judicial authority. See *Atkins v. Lanning*, 556 F.2d 485, 488 (10th Cir. 1977) (district attorney absolutely immune from suit for naming wrong person in arrest warrant); see also *Blake v. Rupe*, 651 P.2d at 1100 ("As conceded in *Imbler*, absolute immunity leaves the genuinely wronged criminal defendant without civil redress against a malicious or dishonest prosecutor. That would certainly include the lesser evil of the negligent prosecutor.").

The claim against the district attorney in *Atkins*—that he failed to properly supervise his investigators by verifying that the proper person was named in the indictment—is similar to the claim here that the state's attorney failed to adequately supervise his staff regarding the handling of the second DWI charge. The court in *Atkins* determined that the acts of the district attorney and his underlings were within their quasi-judicial authority rather than their investigative "police-related" role. 556 F.2d at 488–89. Similarly, we conclude that acts related to the dismissal or processing of an information, as in the instant case, are within the prosecutorial function and therefore absolutely immune from civil suit. See *Polidor*, 130 Vt. at 175, 287 A.2d at 843 (quasi-judicial acts—even those "in excess of jurisdiction"—are immune from civil suit).

We recognized in *Levinsky* that such a policy may leave some plaintiffs without civil redress. 151 Vt. at 198, 559 A.2d at 1086. Nevertheless, we pointed out that it would be impossible to confine complaints to the guilty officers without hampering the efficiency and efficacy of the office, and concluded that it would be better to leave a few wrongs unredressed by civil action than to subject judicial officers to constant threat of retaliation. See *id.*

at 184, 199, 559 A.2d at 1078, 1087; see also *Imbler*, 424 U.S. at 425 ("[I]f the prosecutor could be made to answer in court each time a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law."); *Blake*, 651 P.2d at 1103 (with only qualified immunity, "lawsuits . . . would undermine the effectiveness of [the prosecutor's] office").

*Affirmed.*

Morse, J., dissenting. I respectfully dissent. Regarding the doctrine of official immunity, the record is unclear as to whether the neglect leading to plaintiff's unwarranted arrest was the result of a failure to do a ministerial function by a deputy prosecutor or someone working in a clerical position in the state's attorney's office, or a failure by a deputy prosecutor to undertake the proper steps in exercising a discretionary function. *Libercent v. Aldrich*, 149 Vt. 76, 81, 539 A.2d 981, 984 (1987) ("a discretionary duty . . . requir[es] the exercise of judgment[;] . . . a ministerial duty [is] one where 'nothing is left to discretion—a simple and definite duty . . . arising under conditions admitted or proved to exist.'") (quoting *State v. Howard*, 83 Vt. 6, 14, 74 A. 392, 395 (1909)). Liability may be predicated upon neglect to do an act like the automatic routing of a pleading, which does not involve the exercise of discretion. While we agree that *Levinsky v. Diamond*, 151 Vt. 178, 185, 559 A.2d 1073, 1078 (1989) (deputy or assistant prosecutors entitled only to qualified immunity for discretionary acts done within scope of their authority in good faith), should be clarified or overruled in part to reflect that an immunity defense should depend upon the function being performed and not the title of the defendant, *Forrester v. White*, 484 U.S. 219, 227 (1988), this record is factually inadequate to reach the issue of law raised in the motion for summary judgment.

I am also concerned that the procedural posture of this case does not warrant dismissal. The trial court described the action as an attempt to obtain "damages from the State of Vermont for the negligence of the State's Attorney," but analyzed the case as one of official or judicial immunity. In part, the confusion results from the plaintiff's dismissal of the State of Vermont as a party while retaining his action against the Rutland County

State's Attorney. The stipulation of dismissal allows for the reinstatement of the action against the State of Vermont. In fact, plaintiff asked that if the defendant prevailed on the issue of immunity, "but the pleadings are found defective as to parties, plaintiff requests the opportunity to amend as justice requires." The trial court's statement does indicate some confusion as to parties—that is, it believed that the damages were to come from the State—but it never addressed the plaintiff's request to amend the complaint. At a minimum, the case should be remanded to allow the plaintiff to again amend the complaint to include the State of Vermont as a party.

I am authorized to say that Justice Dooley joins in this dissent.