*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-108

JULY TERM, 2011

| | |
|---|---|
| In re Keith Russell Judd | } APPEALED FROM: |
| | } |
| | } Superior Court, Washington Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. 117-2-11 Wncv |

Trial Judge: Geoffrey W. Crawford

In the above-entitled cause, the Clerk will enter:

Appellant Keith Russell Judd appeals from a trial court order dismissing a complaint that sought to place appellant's name on the ballot in Vermont for the Democratic Party nomination for President in 2012, and challenged State laws that allegedly prohibit convicted felons from voting in federal elections. We affirm.

In February 2011, appellant, who is apparently incarcerated in federal prison in Texas, filed a one-page pleading in the superior court captioned "declaration of candidacy for president" and "demand on state legislative and executive." The trial court, apparently on its own motion, dismissed the pleading in a brief entry order stating that "[t]hese are not claims or requests which are appropriate for judicial consideration."

Although not clearly stated, appellant apparently contends that State law prohibits his candidacy and bars him from voting because he is a convicted felon, in contravention of federal law and his constitutional rights. Nothing in the pleading on its face shows that State law bars appellant from becoming a candidate or alleges that he has followed all of the procedures to become a candidate and has been wrongfully denied a place on the ballot. Nor does appellant reference any State statute or rule prohibiting him from voting or allege that he has been wrongfully denied the right to vote. While dismissals for failure to state a claim are traditionally disfavored, a plaintiff must at a minimum plead facts that, if true, would entitle him or her to relief. Richards v. Town of Norwich, 169 Vt. 44, 49 (1999) (noting that, to state claim, plaintiff must allege "at least the threat of an injury in fact" (quotation omitted)). Appellant's pleading does not meet this standard. There is nothing on the face of the pleading to indicate that his rights have been, or will be, wrongfully denied. Accordingly, although the trial court apparently dismissed based on some form of the "political question" doctrine, we affirm on the ground that appellant failed to state a claim for which relief could be granted. See Levinsky v. Diamond, 151

Vt. 178, 185 (1989), <u>overruled on other grounds by</u> <u>Muzzy v. State</u>, 155 Vt. 279, 280 n. * (1990) (we will affirm where trial court reached right result for wrong reason).[*]

     <u>Affirmed</u>.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice

---

[*]   Appellant's printed case includes a pleading entitled "Complaint for declaratory judgment and preliminary injunction; elections voting." Although this pleading sets forth additional factual allegations concerning appellant's claims and seeks additional declaratory and injunctive relief on behalf of himself and "all convicted felons," the pleading was not filed with the trial court and is therefore not part of the appellate record or properly before this Court. See V.R.A.P. 10(a) (record on appeal shall consist of papers and exhibits filed in trial court, transcripts of proceedings, and docket entries).