VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        25-AP-305



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2025

Jeffrey Rivard\* v. Windham State Attorney et al.    }    APPEALED FROM:
                                                     }    Superior Court, Windham Unit,
                                                     }    Civil Division
                                                     }    CASE NO. 25-CV-02411
                                                          Trial Judge: Rachel M. Malone

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the dismissal of his civil complaint against defendants.  We affirm.

In June 2025, plaintiff filed a complaint in the civil division against the State, the Department of State's Attorneys and Sheriffs, the Windham County State's Attorney's Office, and Deputy State's Attorney Johns Congdon, alleging that defendants abused legal process and maliciously prosecuted him by charging him with violating a no-trespass order issued by his child's school.  Specifically, plaintiff alleged that Attorney Congdon charged him with criminal trespass despite being "aware of facts which do not constitute a crime," argued for conditions of release that were overly restrictive and unrelated to the charge, and withheld exculpatory evidence.  He asserted that defendants prosecuted him to cover up misconduct by school officials and police.

Defendants moved to dismiss, arguing that they were immune from plaintiff's claims and plaintiff failed to state a claim upon which relief could be granted.  In his opposition to defendants' motion, plaintiff stated that he did not object to the court taking judicial notice of the filings in the criminal matters, and agreed to dismiss the State and the Department of State's Attorneys and Sheriffs as defendants.  He also moved for a preliminary injunction prohibiting the State's Attorney from using certain criminal records against him in the criminal case.

The trial court held that plaintiff failed to state a claim for abuse of legal process because he did not allege any actions by defendants that constituted an improper use of legal process.  Likewise, it concluded that plaintiff failed to state a claim for malicious prosecution because the court found probable cause for the criminal charges and the proceedings had not yet terminated.

Finally, it held that defendants were entitled to prosecutorial immunity from these claims. It therefore granted defendants' motion to dismiss the action.

Plaintiff subsequently moved to "vacate dismissal for lack of personal jurisdiction," arguing that he had named Attorney Congdon as a defendant but that the sheriff had never served Congdon. The trial court denied the motion because plaintiff's complaint failed to state a claim against Congdon in his individual capacity. This appeal followed.

Before considering plaintiff's arguments on appeal, we address an important threshold issue. In his brief, plaintiff cited several purported decisions of this Court, including "Slayton v. Willing, 2010 VT 56, ¶ 14, 188 Vt. 216, 4 A.3d 1155," "Sorrell v. Wigginton, 154 Vt. 301, 303 (1990)," "Morrison v. City of Montpelier, 2011 VT 9, ¶ 10," "Thrall v. Rowan, 161 Vt. 451, 456 (1994)," and "EcoScience Corp. v. United States, 156 Vt. 185, 193 (1991)," among others. The Vermont Reports citations provided by plaintiff correspond to entirely different opinions than those named. We were unable to identify any existing case that corresponds to the citations provided in plaintiff's brief.

We remind plaintiff that by presenting a document to this Court, he is certifying that:

> to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

V.R.C.P. 11(b)(2); see V.R.A.P. 25(d)(2) ("By presenting a document to the Court—whether by signing, filing, submitting, or later advocating it—an attorney or self-represented party is making the certification provided by V.R.C.P. 11(b) as to that paper."). Self-represented litigants "receive some leeway from the courts" but are nonetheless bound by the ordinary rules of procedure, "includ[ing] the obligations of Rule 11 and sanctions for noncompliance." Zorn v. Smith, 2011 VT 10, ¶ 22, 189 Vt. 219. Plaintiff is warned that future conduct of this nature may result in sanctions. See V.R.A.P. 25(d)(3) ("If after notice and a reasonable opportunity to respond, the Court determines that V.R.C.P. 11(b) has been violated, the Court may, subject to V.R.C.P. 11(c), impose an appropriate sanction on those violating the rule or responsible for the violation.").

We turn to plaintiff's arguments concerning the dismissal of his complaint. We review a decision granting a motion to dismiss de novo, using the same standard as the trial court. Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420. We "will uphold a motion to dismiss for failure to state a claim only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Id. (quotation omitted).

Plaintiff contends that the trial court erred in concluding that he failed to state a claim for abuse of process because he alleged in his complaint that Attorney Congdon obtained a no-stalking condition based on a false representation that the victims had requested it. He further argues that the court erred in dismissing his malicious-prosecution claim because his criminal-trespass charge lacked probable cause.

2

The trial court properly dismissed these claims because the facts as alleged show that defendants were immune from suit. "[P]rosecutors have . . . absolute immunity from civil suits to the extent that the actions complained of are associated with the judicial phase of the criminal process and are within [their] general authority . . . ." Muzzy v. State, 155 Vt. 279, 279 (1990). Here, the acts alleged by plaintiff are the filing and prosecution of criminal charges against him. The duties of a state's attorney include "prosecut[ing] for offenses committed within [the state's attorney's] county, and all matters and causes cognizable by the Supreme and Superior Courts on behalf of the State, [and] fil[ing] informations and prepar[ing] bills of indictment." 24 V.S.A. § 361(a). Thus, it is undisputed that the acts alleged by plaintiff were within defendants' general authority. See Levinsky v. Diamond, 151 Vt. 178, 186-87 (1989) (holding that prosecutor's acts of filing charges against defendant and allegedly directing witnesses to make false statements at bail hearing were within scope of authority and shielded from civil liability by absolute immunity), overruled in part on other grounds by Muzzy, 155 Vt. at 280. Defendants are therefore absolutely immune from plaintiff's claims, even if their acts were allegedly motivated by improper purposes. O'Connor v. Donovan, 2012 VT 27, ¶ 27, 191 Vt. 412 ("That defendant was allegedly motivated by ill will or a malicious design to interfere with plaintiff's livelihood does not diminish the absolute immunity afforded conduct otherwise within the general scope of defendant's authority."); see also Imbler v. Pachtman, 424 U.S. 409, 427 (1976) (acknowledging that granting prosecutors absolute immunity under 42 U.S.C. § 1983 "does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty," but concluding that lesser immunity "would disserve the broader public interest").

Plaintiff claims that the civil division was required to allow discovery before deciding whether defendants were entitled to immunity from his claims. The decision plaintiff cites in support of this proposition does not appear to exist, and our review of case law indicates the contrary: "discovery is not generally allowed until the immunity question is resolved." Billado v. Appel, 165 Vt. 482, 498 (1996).

To the extent plaintiff argues that the court should have authorized discovery into this issue under Vermont Rule of Civil Procedure 56(d), he has not shown that he requested such relief from the civil division. Although plaintiff asserts that in his reply brief that he requested the trial court allow discovery under Rule 56(d) "to show investigatory misdeeds and ultra vires acts," the record belies this assertion. We have reviewed plaintiff's filings and the only references to discovery are defendants' alleged discovery violations in the criminal proceeding and in plaintiff's motion to vacate dismissal, where he referred to a case where discovery of sheriff's records was permitted. Plaintiff identifies no place in the record where he sought discovery on the issue of immunity. The issue was therefore not preserved for our review. See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."); see also V.R.A.P. 28(a)(4) (stating that arguments in appellant's brief "must contain . . . the issues presented, how they were preserved, and appellant's contentions and the reasons for them—with citations to the authorities, statutes, and parts of the record on which the appellant relies"). Nor does plaintiff explain how Rule 56(d), which applies to motions for summary judgment, would have provided relief to plaintiff here.

Because the trial court properly dismissed plaintiff's complaint, it did not err in denying plaintiff's motion for a preliminary injunction. To the extent plaintiff argues that the sheriff's

alleged failure to serve defendant Congdon mandates reversal, he has not adequately briefed that argument. See <u>In re Snyder Grp., Inc.</u>, 2020 VT 15, ¶ 26 n.10, 212 Vt. 168 (declining to address inadequately briefed argument).

<u>Affirmed</u>.

BY THE COURT:

---

Paul L. Reiber, Chief Justice

---

William D. Cohen, Associate Justice

---

Nancy J. Waples, Associate Justice

4