VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-CV-03945



| **Jay Orost v. A. GERHARD** |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss  (Motion: 2)
Filer:        Sara-Ellen M. A. Moran, Esq.
Filed Date:   November 18, 2025

### Decision on Ms. Gerhard's Motion (#2) to Dismiss

Lamoille County State's Attorney Aliena Gerhard prosecuted a criminal case (which has been affirmed) to verdict against Defendant Jay Orost, represents the State in a related post-conviction relief action brought by Mr. Orost, and has initiated another criminal case against him.  The latter two cases apparently have not yet reached a final judgment.  In this case, Mr. Orost, pro se, seeks an award of $500,000 in compensatory damages as well as an additional award of punitive damages based on his view of Ms. Gerhard's conduct in these cases.  Ms. Gerhard has filed a Rule 12(b)(6) motion to dismiss, principally because she is protected from these claims by the doctrine of absolute immunity.

A motion to dismiss for failure to state a claim faces a high bar.  The Vermont Supreme Court has described the familiar standard for Rule 12(b)(6) motions to dismiss for failure to state a claim as follows:

> "A motion to dismiss . . . is not favored and rarely granted."  This is especially true "when the asserted theory of liability is novel or extreme," as such cases "should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of the mere novelty of the allegations."  In reviewing a motion to dismiss, we consider whether, taking all of the nonmoving party's factual allegations as true, "'it appears beyond doubt' that there exist no facts or circumstances that would entitle the plaintiff to relief."  We treat all reasonable inferences from the complaint as true, and we assume that the movant's contravening assertions are false.

*Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309 (citations omitted); see also 5B A. Benjamin Spencer, et al., Fed. Prac. & Proc. Civ. § 1357 (4th ed.) ("Ultimately, the burden is on the moving party to prove that no legally cognizable claim for relief exists.").[1]

---

[1] In seeking dismissal, Ms. Gerhard improperly relies on the heightened plausibility standard that applies to Rule 12(b)(6) motions in federal court.  Vermont does not follow that federal standard.  See *Colby v. Umbrella, Inc.*, 2008

The court summarizes the allegations of the complaint briefly as they are conclusory in the extreme throughout. See *Vitale v. Bellows Falls Union High Sch.*, 2023 VT 15, ¶ 28, 217 Vt. 611 ("The purpose of a Rule 12(b)(6) motion is to ensure the pleading 'gives fair notice of the claim and the grounds upon which it rests.' However, we are not required to accept as true 'conclusory allegations or legal conclusions masquerading as factual conclusions.'" (citations omitted)).

Mr. Orost alleges that in prosecuting the cases against him (or in defending the PCR suit), Ms. Gerhard elicited false testimony from a witness, failed to turn over exculpatory evidence to present it at trial, made improper arguments during sentencing, pursued charges that have no evidentiary support, and improperly sought to saddle him with an excessive sentence.[2] He asserts that this conduct amounts to bigotry, discrimination on the bases of age and disability, a hate crime, false imprisonment, intentional infliction of emotional distress, malicious prosecution, and elder abuse.[3]

As a general matter, the court notes: "The rationale for affording prosecutors absolute immunity is to protect the independence of prosecutorial judgment and to avoid harassment of prosecutors with unfounded litigation. In addition, as with judicial immunity, it has been noted that a criminal defendant has the protection of post-trial procedures, such as appellate review, to ensure that the outcome of a trial is just and does not need the additional protection afforded by an action for damages." 2 Civ. Actions Against State & Loc. Gov't § 11:14 (footnote omitted); *Kassa v. Fulton Cnty., Georgia*, 40 F.4th 1289, 1292 (11th Cir. 2022) ("[A]bsolute prosecutorial immunity 'is not grounded in any special esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself.'" (citation omitted)).

This is precisely the sort of suit that the doctrine protects against. As for state law claims, state's attorneys are protected by the doctrine of absolute immunity to the same extent as other "high executive officers." *O'Connor v. Donovan*, 2012 VT 27, ¶ 21, 191 Vt. 412. That is, if the "acts complained of fall within the general scope of defendant's authority," the defendant state's attorney will be absolutely immune from suit. *Id.*, 2012 VT 27, ¶ 22; see also *Levinsky v. Diamond*, 151 Vt. 178, 185 (1989) ("When available, absolute immunity applies to any and all acts performed within the individual's authority.); *Polidor v. Mahady*, 130 Vt. 173, 174 (1972) ("[As long as] performance is within his general authority, his motive for acting is not subject to inquiry in a private suit.").

---

VT 20, ¶ 5 n.1, 184 Vt. 1; *Bock v. Gold*, 2008 VT 81, ¶ 5 n.*, 184 Vt. 575. This error has no impact whatsoever on this decision.

[2] Among other convictions, Mr. Orost is serving time for sexually assaulting his own daughter for many years. *State v. Orost*, 2025 VT 15, ¶ 2 (Vt. Mar. 28, 2025).

[3] Ms. Gerhard interprets Mr. Orost's isolated references to a hate crime and elder abuse as attempts at charging her with crimes in this case. The court does not. Nowhere does Mr. Orost seek criminal penalties against Ms. Gerhard in this case. Those references appear at most to be rhetorical flourishes regarding his discrimination claim(s).

Everything that Mr. Orost complains of in this case—eliciting testimony from a witness, determining what evidence to produce in discovery or to present at trial, making arguments at sentencing, and filing and pursuing charges against a defendant—is easily within the general authority of Vermont prosecutors and thus protected by absolute immunity.

To the extent that Mr. Orost may be attempting to bring federal claims, the test is slightly different, but the outcome assuredly is not. Federal law distinguishes between the prosecutor's function as an advocate (subject to absolute immunity) and other investigatory or administrative functions (subject to qualified immunity). See *Giraldo v. Kessler*, 694 F.3d 161, 165–66 (2d Cir. 2012). Again, when absolute immunity applies, "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate" are protected. *Id.* at 165 (citation omitted).

There is no cogent allegation in the complaint to the effect that Ms. Gerhard ever did something objectionable outside of her function as an advocate. She is entitled to absolute immunity as to any federal claims in this case.

Because Ms. Gerhard is immune from this suit in its entirely, there is no need to address any other arguments raised in the dismissal motion.

## Order

For the foregoing reasons, Ms. Gerhard's motion to dismiss is Granted.

Dated December 18, 2025.

Electronically signed pursuant to V.R.E.F. 9(d).

_Kerry A. McDonald-Cady_

_____

Kerry A. McDonald-Cady, Superior Court Judge