Filed 03/19/26

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-05157

| Rob LaClair v. Jay Milne et al |
| --- |

## ENTRY REGARDING MOTION

Title:           Motion to Dismiss  (Motion: 1)
Filer:           Michael S. Reese
Filed Date:      December 05, 2025

The motion is DENIED IN PART.

The Court understands the substance of the present action resides in a dispute between co-owners of an LLC, which in turn is the primary owner of a commercial property.  The Court understands the present dispute to arise primarily under a theory of dissolution resulting from a dispute between the partners.  Such a dispute will likely trigger either dissolution or dissociation provisions that may require a court ordered or directed sale of the LLC's assets to resolve the pending dispute.  See 11 V.S.A. § 4103 (authorizing judicial supervision of a dissolution and winding up of an LLC's business); 11 V.S.A. § 4131 (permitting a member to maintain an against another member regarding rights and interests in the operating agreement).

At this early stage, it would be improper to outright dismiss remedies that may become more relevant as the facts are developed.

Dismissal for failure to state a claim upon which relief can be granted is appropriate "where there exist no facts or circumstances that would entitle the plaintiff to relief." *Amy's Enterprises v. Sorrell*, 174 Vt. 623, 623 (2002).  The Court must assume that all factual allegations contained in the complaint are true. *Richards v. Town of Norwich*, 169 Vt. 44 (1999). "The purpose of a motion to dismiss for failure to state a claim is to test the law of a claim, not the facts which support it." *Levinsky v. Diamond*, 140 Vt. 595, 600 (1982) (quotations omitted), overruled on other grounds in *Muzzy v. State*, 155 Vt. 279, (1990).

At this juncture in the case, the Court understands Plaintiff's claims for partition to be a subcategory of relief available to partners in an LLC when dissolution or dissociation occurs.  At the same time, the Court recognizes that this matter is primarily an issue of corporate law and

governed by Vermont's Limited Liability Company statutes and other relevant business law. Since the property is owned as an asset by the LLC, the common law rights and standards of partition found in 12 V.S.A. §§ 5161–5188 will not directly apply to division of property, except by analogy or as the operating agreement may allow.

As such, the Court will not dismiss the present matter, but it offers this clarification as to the nature and law of the dispute to the extent that this case involves the dissolution of an LLC and the resolution of a business asset. Following discovery, either party may revisit this matter in light of a more fully developed record.

Defendant's Motion to Dismiss is **Denied in part.**

Electronically signed on 3/18/2026 6:07 PM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge