Office of State's Attorney Windsor County By Michael J.
Sheehan, Esq., State's Attorney v. Office of the Attorney
General, M. Jerome Diamond, Esq., Attorney General; The
Vermont District Court, Unit No. 6, Windsor Circuit and the
Honorable George F. Ellison

[409 A.2d 599]

No. 204-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed December 4, 1979

*Richards & Lawlor, P.C.,* Springfield, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Susan R. Harritt* and *Richard A. Unger,* Assistant Attorneys General, Montpelier, for Defendant.

**Hill, J.** This case raises issues as to the relative powers of the State's Attorney and the Attorney General with regard to initiating criminal prosecutions. Plaintiff, as State's Attorney for Windsor County, sought to enjoin the Attorney General from bringing a prosecution when the State's Attorney had already determined, in the exercise of his discretion, not to prosecute. The trial court denied plaintiff's claim, holding that he had failed to show that if the injunction was not granted a substantial right would be materially impaired. It is from the denial of this request for injunctive relief that plaintiff appeals. We affirm.

During the evening of December 7, 1978, a Vermont State Police trooper observed the erratic motor vehicle operation by a person later identified as John P. Morrissey. The trooper took the driver into custody and processed him for suspected driving while intoxicated. As the alleged offense occurred in Windsor County, the trooper called the State's Attorney for that county and informed him of the incident. Based on the information related to him by the trooper, the State's Attorney believed that there was probable cause for a charge of driving while intoxicated.

For several days after the call from the trooper, the State's Attorney evaluated the case and conferred with several law enforcement officers, attorneys and others. On January 4, 1979, after substantial review of the case, the State's Attorney received a copy of the police report of the incident and indicated his decision not to prosecute by writing "no action" on the report.

On January 31, 1979, the Attorney General met with the arresting trooper, other members of the Vermont State Police and a member of the Governor's office to discuss the case. Subsequent to the meeting, the Attorney General spoke with the State's Attorney and asked the latter to reconsider his decision. Again, after reflection, the State's Attorney chose not to prosecute.

As a result of the State's Attorney's inaction, the Attorney General instituted criminal proceedings against the operator of the motor vehicle by filing an information in the District Court, Unit No. 6, Windsor Circuit, charging him with driving while intoxicated in violation of 23 V.S.A. § 1201 and with refusal to submit to a breath test in violation of 23 V.S.A. § 1205. The district court found that there was probable cause, but before further action was taken the State's Attorney commenced the present action seeking to enjoin the Attorney General.

In this appeal, as in the court below, the State's Attorney argues that once he exercised his authority on behalf of the State and decided not to prosecute he had committed the State to a course of action and his decision could not be overturned except by an officer with superior authority to act on behalf of the State. In particular, he contends that since the Attorney General does not have such superior authority that office cannot overturn the State's Attorney's decision.

 The State's Attorney derives his powers from 24 V.S.A. § 361(a), which provides:

A state's attorney shall prosecute for offenses committed within his county, and all matters and causes cognizable by the supreme, superior and district courts in behalf of the state; file informations and prepare bills of indictment, deliver executions in favor of the state to

an officer for collection immediately after final judgment, taking duplicate receipts therefor one of which shall be sent to the finance director, and take measures to collect fines and other demands or sums of money due to the state or county.

Although the statutory grant clearly authorizes the State's Attorney to act on behalf of the State it does not, explicitly or impliedly, make the State's Attorney the exclusive arm of the state government to act with regard to initiating criminal prosecutions. Indeed, the legislature has often exercised its power to provide for the commencement of prosecutions by officers other than State's Attorneys. See, e.g., *In re Dusablon,* 126 Vt. 362, 364, 230 A.2d 797, 799 (1967); *In re Snell,* 58 Vt. 207, 211, 1 A. 566, 569 (1885). Of particular concern here is 3 V.S.A. § 152, which authorizes the Attorney General to represent the State in both civil and criminal matters and provides that "[t]he attorney general shall also have the same authority throughout the state as a state's attorney." In addition, the Attorney General is granted general supervisory powers over criminal prosecutions and advisory powers with respect to State's Attorneys in matters relating to that office. 3 V.S.A. § 153(a). See also V.R.Cr.P. 6(a), and Reporter's Notes, which empowers the Attorney General to have a grand jury summoned in the unusual situations where a State's Attorney declines to act. To say the least the two offices share equal authority to initiate criminal prosecutions.

The Office of the State's Attorney, as with the local prosecutorial authority in most states, is granted broad discretion in deciding whether or not to initiate a criminal prosecution. *Polidor* v. *Mahady,* 130 Vt. 173, 175, 287 A.2d 841, 843 (1972). A decision by the State's Attorney not to prosecute is well within its authority, and such a decision is entitled to great deference. *Gould* v. *Parker,* 114 Vt. 186, 190, 42 A.2d 416, 418–19 (1945). The reasonable exercise of a State's Attorney's discretion resulting in a decision not to prosecute indicates that for reasons persuasive to that office the case should not be instituted at that time. As it was conceded at oral argument, however, if at a later time the circumstances change so as to convince the State's Attorney that initiation of a prosecution is warranted that office is free

to prosecute so long as the statute of limitations has not run and no binding agreement has been entered into with the defendant. See *State* v. *Emery*, 68 Vt. 109, 112, 34 A. 432, 432 (1896). Likewise it is clear that in a similar situation a successor State's Attorney in the same office would be free to initiate a prosecution that his or her predecessor had declined to bring. Cf. *In re Garceau*, 125 Vt. 185, 187, 212 A.2d 633, 635 (1965) (successor State's Attorney discontinued prosecution instituted by his predecessor). These results follow since the sovereign power of the State to punish an individual for violating its criminal laws has not been set in motion in the first instance by an agency of the State authorized to do so. Moreover, this reasoning is equally applicable where, as here, it is an equal prosecutorial authority, rather than the same State's Attorney or his or her successor, that decides to commit the State to a criminal prosecution after an initial determination not to prosecute was made.

■ Plaintiff's argument that there is no statutory or common law right by which the Attorney General may supersede or displace the decision of an elected local prosecutor and that, therefore, the Attorney General's decision to prosecute was unlawful misses the mark. The institution of criminal proceedings by the Attorney General was not a supersedure of the State's Attorney's decision but rather a valid exercise of equal authority granted to the Attorney General. The Attorney General did not attempt to compel by process the State's Attorney to bring the prosecution, nor did he rely on the State's Attorney's investigation. It is merely the nature of the statutory scheme which provides for equal authority to bring criminal proceedings that resulted in the present conflict.

In short, by exercising its discretion and deciding not to prosecute the State's Attorney did not commit the State to any course of action. The State's Attorney's decision in this instance was not binding on himself, his successors or other equal offices. As a result, those with the proper authority were free to pick up where the State's Attorney left off. The trial judge, in his opinion below, aptly characterized the situation presented by this case:

This is not a case where a prosecution was commenced and the Attorney General attempted to intrude. Here, the State's Attorney exercised his prosecutorial discretion and declined to prosecute. By doing so he did not preempt the field—he withdrew from it. There was nothing to supersede. The authority to prosecute had not been exercised by the State's Attorney. The Attorney General then elected to exercise his co-equal authority and initiated the criminal proceedings in question.

■ Plaintiff raises another issue which, while not crucial to our decision, should be briefly addressed. He places great emphasis on the fact that the Office of State's Attorney is mentioned in the state constitution and that the Office of the Attorney General is not. From this plaintiff extrapolates and concludes that his powers and prerogatives are constitutional functions and that they cannot be taken away except by constitutional amendment. We cannot agree with plaintiff's argument. The *powers* of the State's Attorney are not set forth in the constitution but rather in 24 V.S.A. § 361. The constitution merely provides the date on which the State's Attorneys shall be elected and the terms for which they shall serve. Vt. Const. ch. II, §§ 43, 50. Since the powers of the State's Attorney are those granted by statute, the legislature is not precluded from delegating to other offices equal authority with respect to initiating criminal proceedings. *State* v. *Market*, 158 Ind. App. 192, 302 N.E.2d 528, 533–34 (1973).

*Affirmed.*