## Sydney Bradshaw v. Ben W. Joseph

[666 A.2d 1175]

No. 94-667

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed August 25, 1995

*Jonathan P. Cawley* of *Davis Associates, P.C.*, Barre, for Plaintiff-Appellant.

*Douglas C. Pierson* and *Parker M. Riehle* of *Pierson, Wadhams, Quinn & Yates*, Burlington, for Defendant-Appellee.

**Gibson, J.** Plaintiff appeals from a grant of summary judgment in defendant's favor by the Chittenden Superior Court, which held that 12 V.S.A. § 5602 bars an action against defendant for acts or omissions as a public defender. We affirm.

In 1991, plaintiff was charged with sexual assault. The court set bail at $10,000, and because plaintiff could not meet that requirement, he was held at the Chittenden County Correctional Center. The court appointed defendant, a public defender, to represent plaintiff, and

after entering an appearance, defendant moved to reduce plaintiff's bail. The court subsequently reduced bail to $5000. Plaintiff alleges that defendant failed to notify him of the reduction, and defendant counters that he never received notice of the reduction from the trial court. Plaintiff asserts that he had sufficient funds to have met the reduced bail requirement and that as a result of defendant's negligence, he remained incarcerated until he was eventually acquitted, suffering damages.

Defendant moved for summary judgment, asserting that, as a public defender, he was a state employee, and thus, 12 V.S.A. § 5602 precluded a suit against him. The court agreed and granted the motion. This appeal followed.

The sole question on appeal is whether a public defender is a "state employee" and therefore may not be sued for negligence while acting within the scope of his employment. 12 V.S.A. § 5602 provides that when any act or omission of a state employee, as defined in 3 V.S.A. § 1101, "is believed to have caused damage to property, injury to persons, or death, the exclusive right of action shall lie against the state" and suit against the employee is prohibited. A "state employee" is defined in § 1101 and "*includes* any elective or appointive officer or employee within the legislative, executive or judicial branches of state government or any former such employee or officer." 3 V.S.A. § 1101(b) (emphasis added). The definition "includes, *without limitation*," eight categories of state employees, including state's attorneys. *Id.*

■■ Although none of § 1101(b)'s subsections specifically mentions public defenders or the defender general, executive and judicial branch employees are included within the definition of "state employee." The statute uses the word "includes," which ordinarily signifies an intent to enlarge a statute's application, not to limit it. See *Vermont Ass'n of Realtors v. State*, 156 Vt. 525, 531, 593 A.2d 462, 465 (1991). The enumeration of positions is "without limitation," indicating a clear intent to enlarge the categories of positions that fall within the definition of "state employee." In this case, we look at the origin, function and source of funding of a public defender position and conclude that defendant is a state employee under § 1101(b).

The public defender's office and the office of defender general were created by statute. See 13 V.S.A. §§ 5271–5277 (public defender office) & 5252–5257 (office of defender general). The defender general has the responsibility to ensure that needy persons are provided legal services under chapter 163 of Title 13, see *id.* § 5253(a), and may

establish local public defender offices to carry out that responsibility. *Id.* § 5271. Thus, the function of a public defender is to provide legal representation to needy persons entitled to receive such representation at state expense. The defender general is appointed by the governor "subject to the advice and consent of the senate," and is a full-time state employee, receiving compensation set by the Legislature. See *id.* § 5252. The defender general's budget is set by the Legislature, and the defender general "is responsible for assuming expenses for his office and all local offices." *Id.* § 5254(d). Public defenders receive their compensation from the defender general's budget, see *id.* § 5272, and the annual rate of their compensation may not exceed $1000 less than the defender general's salary. *Id.* § 5254(c). Although exempted from classified state service, see 13 V.S.A. § 5254(a), the origin, function and funding of public defenders lead us to conclude that they are state employees and, as such, 12 V.S.A. § 5602 bars suit against them for acts or omissions occurring within the scope of their employment.

In *Ferri v. Ackerman*, 444 U.S. 193 (1979), the United States Supreme Court held that a federal public defender is not, as a matter of federal law, entitled to absolute immunity in a state malpractice action brought by a former client. *Id.* at 205. The Court left to the states the question of whether a public defender is immune from suit as a matter of state law. *Id.* at 198. Courts in some states have barred suits against public defenders on either statutory grounds or common-law judicial-immunity principles. See *Browne v. Robb*, 583 A.2d 949, 951 (Del. 1990) (state tort claims act grants general qualified immunity to private defense counsel appointed to represent indigent defendant in lieu of public defender), *cert. denied*, 499 U.S. 952 (1991); *Dziubak v. Mott*, 503 N.W.2d 771, 774 (Minn. 1993) (granting immunity based on precedents granting immunity to "participants within the judicial system" and on public policy grounds); see also *Scott v. City of Niagara Falls*, 407 N.Y.S.2d 103, 105 (Sup. Ct. 1978) (mem.) (public defender is cloaked with judicial immunity just as judge or prosecutor).

Other jurisdictions have held that there is no immunity for public defenders. The court in *Spring v. Constantino*, 362 A.2d 871 (Conn. 1975), held that the public defender is not a public official and that defending a client in a criminal matter is not a governmental act. *Id.* at 875, 878–79. But the court in *Spring* noted a conflict between the definition of "employee" under the state employee immunity statute and the state's limited abrogation of sovereign immunity. According

to the court, "The intent to limit the liability of the state to that of a private person is inconsistent with the broad definition of 'employees' in [the state employee immunity statute], which would include even the status of independent contractor, for whose torts a private employer, as a general rule, is not liable." *Id.* at 877 (footnote omitted). The court resolved the conflict by limiting immunity to instances where there would be an employer-employee relationship at common law. *Id.* Thus viewed, the court determined that defenders, once the attorney-client relationship attached, were independent contractors, despite the broad definition of "employees." *Id.* at 878.

No similar conflict is evident under Vermont law, and no reason is apparent why we should not follow § 1101 in determining whether public defenders are state employees. But see *Reese v. Danforth*, 406 A.2d 735, 739 (Pa. 1979) (once appointment of public defender is made, state or public function ceases, and attorney takes on all obligations and protections of private attorney-client relationship).

Aside from statutory grounds unique to the jurisdictions, *Spring* and *Reese* rest on policy grounds, which plaintiff urges us to follow here, most particularly the perceived inconsistency between the role of the criminal defender, who is responsible only to his client, and the state employee, who presumably reports to and is under the control of a supervising official of the state — which is the entity prosecuting the defendant. See *Spring*, 362 A.2d at 877–78; *Reese*, 406 A.2d at 738–39.

We decline to follow the rationales of *Spring* and *Reese*. The apparent paradox of having the government support and pay for a constitutionally adequate system of legal representation for those charged by the government with criminal offenses was inherent in the public defender system from the outset. It is a variant of numerous interbranch conflicts that inhere in our system of separation of powers, including the clear paradox of having the judicial branch decide constitutional challenges to legislative enactments whereas the Legislature appropriates the funds that sustain the judicial branch. The Legislature acknowledged the potential problem by providing in 13 V.S.A. § 5253(a) that "[n]o other official or agency of the state may supervise the defender general or assign [the defender general] duties in addition to those prescribed by this chapter."

■ Categorizing public defenders as state employees for the purposes of § 5602 is not likely to exacerbate potential conflicts, and given the generally scarce resources with which defenders' offices operate, may actually promote a vigorous and independent defense.

As one court has stated, quoting the public defender's brief in that case:

> [T]he most probable result of . . . a decision [not to grant immunity] would be the exact opposite of what the courts want. Both the Court and the Public Defender's Office [seek] adequate representation of defendants in criminal proceedings . . . . However, if a civil rights suit from unsatisfied clients is a constant threat to the Attorney involved, then there would be a chilling effect upon Defense Counsel's tactics. Defense Counsel would be caught in an intrinsic conflict of protecting himself and representing his client.

*Brown v. Joseph*, 463 F.2d 1046, 1049 (3d Cir. 1972), *cert. denied*, 412 U.S. 950 (1973). As the *Dziubak* court pointed out in a related context, "Immunity also aids in the recruitment of qualified attorneys to represent indigent clients in criminal proceedings. Immunity preserves the criminal justice system which relies upon the judge, prosecutor and public defender as essential participants. This serves the best interests of indigent defendants and of society as a whole." 503 N.W.2d at 777.

In sum, we hold that public defenders are state employees under Vermont law and are entitled to the same protection under § 5602 as other state employees.

*Affirmed.*