**Jaqueline Star RICHARDS, Plaintiff,**

v.

**STATE'S ATTORNEYS OFFICE, Defendant.**

No. 2:98–CV–333.

United States District Court, D. Vermont.

Jan. 6, 1999.

Jacqueline Star Richards, Burlington, VT, pro se.

### OPINION AND ORDER

SESSIONS, District Judge.

(Paper 2)

Ms. Richards ("Plaintiff"), acting *pro se*, filed this tort action against the State's Attorneys Office ("Defendant") for the intentional infliction of emotional distress. Specifically, she asserts that Defendant's failure to effectively and adequately prosecute a third person Plaintiff indicates had battered and sexually harassed her, and Defendant's failure to record and believe her "story" of those events, has resulted in emotional damage, exposed her to additional harassment, and forced her to move her residency. She seeks $2,000 in damages. Plaintiff requests this Court for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

For the reasons set forth below, Plaintiff's motion to proceed *in forma pauperis* is DENIED and her claim is dismissed without prejudice.

### Discussion

This Court may dismiss a complaint brought *in forma pauperis* if it "determines that the action or appeal is frivolous or malicious." 28 U.S.C. § 1915(e)(2).

A complaint is frivolous when it is "based on an indisputably meritless legal theory", *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir.1995) (citing *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)), or when the complaint is "based on a defense that appears on the face of the complaint". *Pino v. Ryan*, 49 F.3d at 53. A complaint against which the defendant is clearly immune from suit is " 'an example of claims dismissable under section [1915(e)(2) ].' " *Id.* (quoting *Neitzke v. Williams*, 490 U.S. at 327, 109 S.Ct. 1827). If a complaint is frivolous, a court may dismiss it *sua sponte. Id.* at 52–53.

■ The showing a plaintiff must make to establish that a complaint is not based on a meritless legal theory is not the same as one to withstand a motion to dismiss for a failure to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6). *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir.1990). The Court should "look with a far more forgiving eye" in examining whether a claim rests on a meritless legal theory. *Id.* In this case, however, because the Eleventh Amendment shields the Defendant from suit, this Court lacks jurisdiction over Plaintiff's complaint. Consequently, even upon examination with a "forgiving eye", I find this complaint rests on a meritless legal theory.

■ The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It is well established that the Eleventh Amendment deprives federal courts of jurisdiction over claims made against a state unless the state has expressly waived its sovereign immunity or Congress has expressly overridden that immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). This Court has previously held that a two-part

inquiry is required to determine whether the Eleventh Amendment bars an action. "First, the Court must ascertain whether the action is in fact a suit against the state. Second, the Court must determine whether the state's sovereign immunity has been waived." *Wilkinson v. Balsom, M.D.*, No. 2:94–CV–175, slip op. at 4–5, (D.Vt. June 20, 1996).

In this instance, because Ms. Richards has named the State's Attorney's Office as the defendant instead of either the State or one of its agencies, ascertaining whether Plaintiff's claim is, in fact, an action against the State, is not apparent on the face of the complaint. While, on the one hand, "[i]t is [ ] well established that even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment", *Edelman v. Jordan*, 415 U.S. 651, 662, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (citation omitted); on the other hand, courts have consistently refused to construe the Eleventh Amendment " 'to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a slice of state power.' " *Feeney v. Port Authority Trans–Hudson Corporation*, 873 F.2d 628, 630 (2d Cir.1989) (quoting *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 400–01, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979)).

■ Courts have developed the "arm-of-the-state doctrine" in order to determine whether an entity is a state actor and, therefore, entitled to Eleventh Amendment immunity, or a county actor and, therefore, unprotected by the Eleventh Amendment. *See e.g., Hess v. Port Authority Trans–Hudson*, 513 U.S. 30, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994); *Mancuso v. New York State Thruway Authority*, 86 F.3d 289 (2d Cir.1996); and *Ristow v. South Carolina Ports Authority*, 58 F.3d 1051 (4th Cir.1995), *cert. denied*, 516 U.S. 987, 116 S.Ct. 514, 133 L.Ed.2d 423 (1995). Under this doctrine, courts must first evaluate the following six factors:

(1) how the entity is referred to in the documents that created it; (2) how the governing members of the entity are appointed; (3) how the entity is funded; (4) whether the entity's function is traditionally one of local or state government; (5) whether the state has a veto power over the entity's actions; and (6) whether the entity's obligations are binding upon the state.

*Mancuso v. New York State Thruway Authority,* 86 F.3d at 293 (citations omitted). If these factors are not dispositive, the Court must

> then turn to the next questions: (a) will allowing the entity to be sued in federal court threaten the integrity of the state? and (b) does it expose the state treasury to risk? We remain mindful of the Supreme Court's emphasis that 'the vulnerability of the State's purse [is] the most salient factor.' If all the elements are evenly balanced, this concern will control.

*Id.* (citing *Hess v. Port Authority Trans-Hudson Corporation,* 513 U.S. at 48, 115 S.Ct. 394).

■ Applying these criteria to Plaintiff's complaint, it is clear that the State's Attorney's Office is an arm of the state. An analysis of the first six factors tilts the conclusion in this direction. First, by providing for dates on which the State's Attor-

neys shall be elected and terms of service, the Office of State's Attorney is established in the Vermont Constitution. *See* Vt. Const. ch. II, §§ 43, 50 and 53. Second, the Vermont Legislature, which grants the state's attorney his power[1] and approves a budget, exerts considerable authority over the State's Attorneys. *See Office of State's Attorney v. Office of Attorney General,* 138 Vt. 10, 409 A.2d 599 (1979). Third, judicial decisions resulting from actions of a State's Attorney are binding on the State.[2] *See Id.* at 13–15, 409 A.2d 599. Finally, pursuant to 3 V.S.A. § 1101(b), a State's Attorney is an employee of the State. *See also, Bradshaw v. Joseph,* 164 Vt. 154, 155, 666 A.2d 1175, 1176 (1995). If an analysis undertaken pursuant to the six preliminary factors is not dispositive, it is clear that, in this matter, the State's purse would be vulnerable to a decision of this Court. If this case were allowed to proceed in federal court, the State treasury would be exposed to risk. Consequently, it is easy to conclude that the Office of State's Attorney is an arm-of-the-state.

■ Proceeding to the second prong of our analysis, it is equally clear that Vermont has not waived its immunity.[3] The standard to determine whether a state has statutorily waived its Eleventh Amendment immunity from federal court

---

1. The authority granted to the Office of State's Attorney is defined by statute. "A state's attorney shall prosecute for offenses committed within his county, and all matters and causes cognizable by the supreme, superior and district courts in behalf of the state; file informations and prepare bills of indictment, deliver executions in favor of the state to an officer for collection immediately after final judgment, taking duplicate receipts therefor one of which shall be sent to the commissioner of finance and management, and take measures to collect fines and other demands or sums of money due to the state or county." 24 V.S.A. § 361(a).

2. A narrow exception regarding the decision of a State's Attorney not to prosecute a case has been carved out of this general rule. The Office of State's Attorney and the Office of

Attorney General "share equal authority to initiate criminal investigations." *Office of State's Attorney v. Office of Attorney General,* 138 Vt. 10, 13, 409 A.2d 599 (1979). *See also,* 3 V.S.A. §§ 152, 153(a). However, because a decision by the State's attorney not to prosecute a case does not commit the State to any course of action, neither the Attorney General nor a successor to the State's attorney is preempted from initiating a proceeding if he believes one is justified. *Office of State's Attorney v. Office of Attorney General,* 138 Vt. at 14–15, 409 A.2d 599.

3. Congress has not expressly waived state immunity from a tort action against a state which is brought in federal court. Therefore, the issue before the Court is whether the State has waived its immunity from federal jusrisdiction.

is a stringent one: waiver is only completed " 'by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction.' " *Feeney v. Port Authority Trans–Hudson Corporation,* 873 F.2d at 632 (quoting *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 239–240, 105 S.Ct. 3142, 87 L.Ed.2d 171, *reh'g denied,* 473 U.S. 926, 106 S.Ct. 18, 87 L.Ed.2d 696 (1985)). While many states, including Vermont, have Tort Claims Acts which authorize suits against the state in state court in limited circumstances, it has long been held that a state's waiver of sovereign immunity in its own courts is not a waiver of its Eleventh Amendment immunity in federal court. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. at 99 n. 9, 104 S.Ct. 900. Indeed, in the language of the Vermont Tort Claims Act [4], Vermont has expressly retained its right to assert immunity under the Eleventh Amendment. *See* 12 V.S.A. 5601(g).[5]

 Even if immunity from federal jurisdiction had been waived, the Vermont Tort Claims Act does not waive immunity for the State or its actors "based upon the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a state agency or an employee of the state, whether or not the discretion involved is abused." 12 V.S.A. § 5601(e)(1). In this case, the decision of the Office of State's Attorney not to proceed with a case was a discretionary decision and is, therefore, immune from suit. Furthermore, the doctrine of judicial immunity "safeguards the official acts of [ ] public officers in the performance of duties judicial in nature. The duties imposed upon the office of State's Attorney under 24 V.S.A. § 361 are judicial in nature. [Consequently, a State's Attorney] is immune from civil liability for acts done in performance of his official duties." *Zera v. Tepper,* 358 F.Supp. 963, 965 (D.Vt.1972).

 Finally, Plaintiff's claim would similarly fail if she were to name individual prosecutors instead of the Office of State's Attorney. The doctrine of absolute immunity shields prosecutors from all damage claims arising from their prosecutorial functions and permits them to perform their duties without harassment or intimidation. *Walden v. Wishengrad,* 745 F.2d 149, 151–52 (2d Cir.1984) (citing *Butz v. Economou,* 438 U.S. 478, 511–12, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) and *Imbler v. Pachtman,* 424 U.S. 409, 424–27, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). In addition, absolute immunity avoids compelling prosecutors to spend undue time defending themselves. *Id.* "A prosecutor thus has absolute immunity in connection with the decision whether or not to commence a prosecution." *Ying Jing Gan v. City of New York,* 996 F.2d 522 (2d Cir.1993) (citations omitted). *See also, Schloss v. Bouse,* 876 F.2d 287, 290 (2d Cir.1989) ("absolute immunity must also protect the prosecutor from damages based on a decision not to prosecute."). In Plaintiff's case, even if she were to name an individual defendant as a party to the suit based on his failure to prosecute, the defendant would be entitled to absolute immunity from damages.

### Conclusion

For the foregoing reasons, Plaintiff's claim is frivolous and, pursuant to 28 U.S.C. § 1915(e)(2), is dismissed without prejudice.

4. The Vermont Tort Claims Act is found at 12 V.S.A. §§ 5601–06.

5. 12 V.S.A. § 5601(g) states: "Nothing in this chapter waives the rights of the state under the Eleventh Amendment of the United States Constitution."