# STATE OF VERMONT

SUPERIOR COURT                                 ENVIRONMENTAL DIVISION
                                                 Docket No. 122-10-16 Vtec

---

| R.L. Vallee, Inc.et al MS4 |
|---|

## ENTRY REGARDING MOTION

Title:           Motion to Dismiss (Motion 4)
Filer:            Agency of Natural Resources
Attorney:     Hannah W. Smith
Filed Date:   April 12, 2017

Response filed on 04/13/2017 by Attorney Justin E. Kolber for Interested Person SOV AOT
        Support
Response filed on 04/27/2017 by Attorney Alexander J. LaRosa for party 3 Co-counsel
        Opposition

This is an appeal from a September 8, 2016 letter written by the Agency of Natural Resources (ANR) regarding a Municipal Separate Storm Sewer System (MS4) permit. The matter is now before the Court on ANR's motion to dismiss for lack of subject matter jurisdiction.[1]

### Standard of Review

In considering a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, we accept "all uncontroverted factual allegations of the complaint"[2] as true, and construe those allegations in the "light most favorable to the nonmoving party." Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245 (citing Jordan v. State Agency of Transp., 166 Vt. 509, 511 (1997)).

### Background

The following factual background is given solely for the purpose of deciding this motion to dismiss.

In 1999, pursuant to the Clean Water Act (CWA), the federal Environmental Protection Agency promulgated regulations extending the National Pollution Discharge Elimination System (NPDES) permitting requirements to stormwater discharges from small municipal separate stormwater sewer system (MS4s) in urbanized areas. Regulated MS4s were required to obtain

---

[1] The Vermont Agency of Transportation, by a letter to the Court dated April 13, 2017, indicated that it joins in support of the motion to dismiss.

[2] In matters that come before us without a complaint being filed, as here, it is our practice when considering motions to dismiss to "assume that all factual allegations made by the non-moving party are true and that all contravening assertions made by the moving party are false," without specifically being limited to a complaint. In re G & D, LLC Permit Application, No. 125-9-13 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Nov. 7, 2013) (Walsh, J.) (citing Richards v. Town of Norwich, 169 Vt. 44, 49 (1999)); Buchwald Home Occ. Cond. Use Permit, No. 181-12-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 1, 2014) (Walsh, J.).

NPDES permit coverage for their stormwater discharges. In Vermont, ANR enforces the NPDES system. In re Stormwater NPDES Petition, 2006 VT 91, ¶ 2, 180 Vt. 261.

In 2003, ANR issued Small Municipal Separate Storm Sewer System General Permit No. 3-9014 (the MS4 General Permit) to cover stormwater discharges from eight municipalities and three additional entities, including VTrans. See In re Small Municipal Separate Storm Sewer Systems (MS4s), Nos. WQ-03 and WQ-04-03, Memorandum of Decision (Vt. Water Res. Bd. Jul. 21, 2005).

Pursuant to the terms of the MS4 General Permit, VTrans submitted a Stormwater Management Plan (SWMP) to ANR. In late 2013, ANR authorized VTrans to discharge according to the plan.

In May 2016, Attorney Anderson sent a letter to ANR alleging that VTrans was violating Section IV.C.2 of the MS4 General Permit by discharging phosphorus into Lake Champlain via Sunnyside Brook in Colchester.

Padraic Monks, Stormwater Program Manager for the Department of Environmental Conservation at ANR, sent a reply letter dated September 8, 2016 (the letter). The letter explains that VTrans' SWMP had been approved in 2013, and that because that approval was not appealed it is now final. He also explains that phosphorus discharges into Lake Champlain will soon be addressed through wasteload allocations under recently-approved Total Maximum Daily Load (TMDL) requirements. He further states that ANR plans to replace the MS4 permit with a reissued MS4 permit, and shift VTrans' authorization to discharge to a transportation separate stormwater sewer system (TS4) permit, which will require VTrans to complete a phosphorus control plan to ensure compliance with TMDLs.[3]

R.L. Vallee, Inc., Tim Vallee, Amy Norris, and Rodolphe J. Vallee, Trustee of the Rodolphe J. and Elizabeth W. Vallee Trust (collectively Vallee), appealed the "rulings contained" in the September 8, 2016 letter insofar as "[t]he Letter allows VTrans to keep discharging phosphorus into Lake Champlain." Notice of Appeal at 1. Vallee's statement of questions asks whether VTrans is complying with the MS4 General Permit; and asks what VTrans must do to comply with Section IV.C.2 of the MS4 General Permit.

**Discussion**

In its motion to dismiss, ANR submits that the September 8, 2016 letter is related to a potential enforcement action brought pursuant to title 10, chapter 201.[4] ANR offers that Vallee's appeal to this Court is brought pursuant to title 10, chapter 220, which deals with consolidated environmental appeals. That chapter excludes enforcement actions under title 10, chapter 201 from the list of statutory provisions under which an appealable act or decision may arise. 10 V.S.A. § 8503(a).

Vallee responds that this appeal is brought pursuant to title 10, chapter 47—not chapter 201. Chapter 47 contains a separate enforcement provision allowing ANR to enforce compliance with violations of chapter 47. 10 V.S.A. § 1274. Furthermore, chapter 47 contains a provision allowing appeals of any act or decision by ANR made under chapter 47 to be appealed in accordance with title 10, chapter 220. 10 V.S.A. § 1269. The chapter governing consolidated

---

[3] This TS4 Permit is before the Environmental Division via a Vallee appeal. In re RL Vallee, Inc., et al. TS4, No. 7-1-17 Vtec.

[4] The notice of appeal does not state the provision of law that the appeal is brought under.

appeals confirms that the Environmental Division has the authority to hear appeals of any act or decision made under chapter 47. 10 V.S.A. §§ 8503(a)(1)(E) and 8504(a). Vallee argues that the September 8, 2016 letter is an act or decision made under chapter 47 and, as such, is subject to appeal in this Court.

We conclude that the Environmental Division is without subject matter jurisdiction over this appeal. If this appeal is brought under title 10, Chapter 201, ANR's letter is a decision related to an enforcement action expressly excluded from matters that may be appealed, and the Environmental Division has no jurisdiction over this appeal. If the appeal is brought under chapter 47, ANR has enforcement discretion which is not subject to judicial review.

First, the enforcement provision in chapter 47 states that where there is a permit violation, ANR "*may* bring suit in the superior court in any county where the discharge or noncompliance has occurred to enjoin the discharge and to obtain compliance." 10 V.S.A. § 1274 (emphasis added). The use of the word "may," instead of "shall," indicates a legislative intent to give ANR discretion to decide whether to bring an enforcement action in court, rather than making enforcement mandatory. See Town of Calais v. Cty. Rd. Comm'rs, 173 Vt. 620, 621 (2002). The Vermont Supreme Court has read a similar statute, which states that the Natural Resource Board (NRB) may initiate an enforcement action in Act 250 matters, as being discretionary and within the exclusive purview of the NRB. In re Treetop Dev. Co. Act 250 Dev., 2016 VT 20, ¶ 13 and n.4, (Vt. Feb. 12, 2016), reargument denied (Mar. 25, 2016) (citing 10 V.S.A. § 6027(g)). These statutes can be contrasted with that which deals with municipal zoning violations, and which makes enforcement mandatory. 24 V.S.A. § 4452.[5]

Second, case law support's ANR's position that there is no avenue available to appeal an agency decision regarding whether or how to enforce an alleged Clean Water Act violation.

The United States Supreme Court has held that "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." Heckler v. Chaney, 470 U.S. 821, 831 (1985). One reason for this, the Court explained, is that "an agency decision not to enforce often involves a complicated balancing of a number of factors which are peculiarly within its expertise," including "assess[ing] whether a violation has occurred, . . . whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and . . . whether the agency has enough resources to undertake the action at all." Id. Another reason for deference is that when an agency does not act, "it generally does not exercise its *coercive* power over an individual's liberty or property rights, and thus does not infringe upon areas that courts often are called upon to protect." Id. at 832 (emphasis in original). Finally, the Court noted that an agency's discretion to enforce or not is similar to a prosecutor's discretion to indict or not, which is regarded "as the special province of the Executive Branch." Id.

In Vermont, too, prosecutors have broad discretion when deciding whether or not to prosecute, and "such a decision is entitled to great deference." Office of State's Attorney Windsor Cty. v. Office of Atty. Gen., 138 Vt. 10, 13–14 (1979). We have cited a similar principle in the land use and environmental context in concluding that "the legislature has created a

---

[5] While there is no discretion regarding whether to bring a municipal zoning enforcement action, even then "the nature of the remedy sought is discretionary." In re Letourneau, 168 Vt. 539, 549 (1998) (citing Richardson v. City of Rutland, 164 Vt. 422, 425 (1995)).

statutory scheme that appropriately reflects the constitutional separation of powers. For instance, decisions on how to enforce and prosecute land use laws and permits—a primarily executive function—do not receive de novo review." In re Stormwater NPDES Petition, No. 14-1-07 Vtec, slip op. at 11 (Vt. Super. Ct. Envtl. Div. Feb. 18, 2009) (Durkin, J.) (citing 10 V.S.A. § 8003(a)).

The Ninth Circuit drew on Heckler, among other decisions, in concluding that "the Clean Water Act leaves it to the discretion of the EPA Administrator whether to find violations and to take enforcement action, and . . . these discretionary decisions are not subject to judicial review." Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir. 2001).

Third, from a practical perspective, we generally approach matters in a way that will "ensure summary and expedited proceedings consistent with a full and fair determination in every matter coming before the court." V.R.E.C.P. 1. Based on Mr. Monks' letter, ANR is aware of the issue raised by Attorney Anderson (first, individually in his letter to ANR, second, on behalf of Vallee in the appeal to this Court), and ANR has a plan and process to resolve the issue. Litigating whether and how an enforcement action should be brought will slow down this plan and process, which could exacerbate the underlying issues that ANR and VTrans seek to resolve.

### Conclusion

For the reasons set out above, we conclude that ANR's decision in this case, which deals with whether and how to enforce an alleged violation of an MS4 permit, is a decision that is not reviewable in this Court. As such, we do not have subject matter jurisdiction over the appeal; the matter is therefore **DISMISSED**.[6]

A Judgment Order accompanies this Entry Order. This concludes the current proceedings before this Court.

Electronically signed on May 02, 2017 at 11:23 AM pursuant to V.R.E.F. 7(d).

_Tom Walsh_

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division
Notifications:
Jon T. Anderson (ERN 1856) and Alexander J. LaRosa (ERN 5814), Attorneys for Appellants R.L. Vallee, Inc., Tim Vallee, Amy Norris, Rodolphe J. Vallee
Hannah W. Smith (ERN 6759) and Kane H. Smart (ERN 4770), Attorneys for Interested Person Agency of Natural Resources
Interested Person Town of Colchester
Justin E. Kolber (ERN 4303) and John K. Dunleavy (ERN 1949), Attorneys for Interested Person SOV AOT
Elena M. Mihaly (ERN 8101), Attorney for Conservation Law Foundation
Mark G. Hall (ERN 2537), Attorney for Costco Wholesale Corp.

---

[6] Vallee notes that "the ANR's Motion to Dismiss makes a Federal Clean Water Act citizen's suit ripe." Vallee Response at 6. In any such citizen suit Vallee would assume the responsibility of enforcing any alleged violation; ANR would not be compelled to enforce. See Sierra Club, 268 F.3d at 904–05 (citations omitted); 33 U.S.C.A. § 1365(a).