*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2017-167

OCTOBER TERM, 2017

| | |
|---|---|
| Douglas Cavett | APPEALED FROM: |
| | |
| | Superior Court, Orleans Unit, |
| v. | Civil Division |
| | |
| | |
| Thomas Donovan | DOCKET NO. 232-10-16 Oscv |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Plaintiff inmate appeals the superior court's dismissal of his declaratory judgment action seeking a declaration that the Chittenden County State's Attorney is compelled to investigate and prosecute Department of Corrections personnel whom he claims conspired to prolong his prison sentence and keep him from his son. We affirm.

This appeal concerns part four of the notorious paper-throwing incident. In 2010, plaintiff pled no contest to a charge of aggravated sexual assault and was sentenced to a term of five-to-fifteen years, all suspended except for four years. One of the probation conditions imposed by the sentencing court required him to complete a treatment program for sex offenders. The genesis of plaintiff's ongoing litigation is a prison disciplinary report (DR) conviction for assault based on an April 2013 incident in which plaintiff threw a wadded piece of paper at a correctional officer. At least partially as the result of the DR violation, plaintiff was terminated from the treatment program and was found to have violated the probation condition requiring him to successfully complete the program.

The first time this matter came before this Court was plaintiff's appeal of the superior court's determination that he violated the probation condition requiring him to complete the treatment program. Initially, in making this determination, the superior court refused to review the underlying DR violation that resulted in plaintiff's removal from the program. We reversed, remanding the matter for the superior court to determine whether plaintiff had engaged in physical violence or threats of physical violence, which was the basis for his removal from the treatment program. State v. Cavett, 2015 VT 91, ¶ 19, 199 Vt. 546. On remand, the superior court again concluded that plaintiff had violated the programming condition, finding that plaintiff had struck the correctional officer with the paper ball he threw at her and that his behavior was threatening under the circumstances. The court also found that the paper-throwing incident was not an isolated incident, but rather the culmination of a series of incidents for which plaintiff had already been placed on probation from the treatment program. The court revoked plaintiff's probation and imposed the underlying sentence. Plaintiff again appealed, and we affirmed the superior court's decision. See State v. Cavett, No. 2016-243, 2017 WL 2374819 (Vt. May 30, 2017) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo16-243.pdf

[https://perma.cc/D6DW-V3ZZ]. In so doing, we rejected plaintiff's "primary argument" that the paper ball he threw did not hit the correctional officer, stating that we had "reviewed the video recording and there is nothing in the recording to contradict the trial court's finding that the paper did hit the officer." Id. at *3.

Meanwhile, plaintiff filed a complaint under Vermont Rule of Civil Procedure 75 challenging the DR violation resulting from the paper-throwing incident. We affirmed the superior court's decision upholding the violation. See Cavett v. Pallito, No. 2015-383, 2016 WL 6593839 (Vt. Nov. 4, 2016) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo15-383.pdf [https://perma.cc/8CU5-5TYP]. In so doing, we once again rejected plaintiff's "main argument" that the paper he threw did not strike the correctional officer, noting that nothing in the video of the incident reviewed by the trial court and this Court "demonstrates that the hearing officer committed clear error in finding that the paper hit" the correctional officer. Id. at *2. We also rejected plaintiff's challenge to the superior court's finding "that there was no evidence to support plaintiff's claims that the disciplinary violation was the result of a conspiracy against him or was being used to retaliate against him." Id.

Defendant also appealed a superior court decision upholding the Vermont Parole Board's denial of his parole. The superior court dismissed plaintiff's 120-page complaint, which raised conspiracy claims and sought declaratory relief. In affirming the superior court's decision, we noted that plaintiff's claims of error on appeal centered on the Board's failure to view a video recording of the paper-throwing incident. We concluded that any error in the Board's failure to view the video was harmless, given that we had "already rejected plaintiff's suggestion that the video demonstrates that the allegations against him were false." In re Cavett, No. 2016-055, 2017 WL 262052, at *2 (Vt. Jan. 12, 2017) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo16-055.pdf [https://perma.cc/43PA-69JH].

In this declaratory judgment action, plaintiff filed suit against the acting Chittenden County State's Attorney in his official capacity based on his failure to investigate and prosecute the DOC personnel whom plaintiff claims conspired to present false testimony concerning the paper-throwing incident, resulting in his removal from the treatment program, the rejection of his parole, the extension of his incarceration, and his inability to be with his son. The superior court dismissed the appeal on several grounds, concluding that: (1) a state's attorney's decision whether to file criminal charges is discretionary and therefore not subject to civil liability under 24 V.S.A. § 361(a) or the Vermont Tort Claims Act; (2) plaintiff has no viable constitutional claims to support his request for declaratory relief; (3) plaintiff's remedy for the relief he seeks—release from incarceration—must be sought in a petition for post-conviction relief and is not available by way of the Declaratory Judgment Act; and (4) to the extent plaintiff is asserting a claim under the Public Records Act, he failed to allege that he had exhausted his administrative remedies.

Plaintiff's arguments on appeal are comprised, for the most part, of allegations of a conspiracy that he now claims has expanded from DOC personnel to other state employees, including defendant. We affirm the superior court's decision. The statute that plaintiff relies upon, 24 V.S.A. § 361(a), sets forth the general duties of state's attorneys, among them the duty to prosecute offenses within the county. Notwithstanding its use of the word "shall," the statute does not compel a state's attorney to prosecute a particular case anytime someone claims that a crime has been committed. See State's Attorney v. Attorney General, 138 Vt. 10, 13 (1979) (construing § 361(a) and stating that "[t]he Office of the State's Attorney, as with the local prosecutorial authority in most states, is granted broad discretion in deciding whether or not to initiate a criminal

prosecution"); see also <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973) (holding that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution" because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). This is most particularly true here, where the alleged offense is conspiring to make false statements regarding a DR violation that has been upheld by the courts based on the courts' review of video evidence supporting the violation. The superior court correctly concluded that there are no constitutional or statutory grounds for compelling the Chittenden County State's Attorney to prosecute correctional officials in this case. Moreover, plaintiff's request that the superior court declare that the Chittenden County State's Attorney must uphold the Public Records Act to allow any person to review and criticize the state's attorney's decisions cannot survive the dismissal of the other components of plaintiff's complaint because plaintiff failed to request any specific documents in his complaint, let alone exhaust his administrative remedies as to obtaining any such documents. Accordingly, the superior court did not err in dismissing plaintiff's complaint. See <u>Davis v. Am. Legion, Dep't of Vt.</u>, 2014 VT 134, ¶ 12, 198 Vt. 204 (in reviewing motions to dismiss, we apply same standard as trial court and "consider whether it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief" (quotation omitted)).

<u>Affirmed</u>.


BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Beth Robinson, Associate Justice


_____
Karen R. Carroll, Associate Justice

3