VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    25-AP-120



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2025

State of Vermont v. Timothy Harrington\*     }     APPEALED FROM:
                                             }     Superior Court, Bennington Unit,
                                             }     Criminal Division
                                             }     CASE NO. 24-CR-05068
                                                   Trial Judge: Kerry Ann McDonald-Cady

In the above-entitled cause, the Clerk will enter:

Defendant appeals his conviction of second-degree aggravated domestic assault following a jury trial.  On appeal, he argues that the trial court erred in denying his post-trial motion for judgment of acquittal, denying his motion to dismiss based on vindictive prosecution, and admitting photographs of complainant's injuries.  We affirm.

The record provides the following facts.  In July 2022, defendant was charged with one count of second-degree aggravated domestic assault for repeatedly striking and choking the complainant, then his girlfriend, on July 16, 2022.  The charging affidavit stated that the complainant also reported three prior assaults: on April 8, 2022, defendant threw a metal coffee cup at her, hitting her on the leg and leaving a bruise; on July 1, 2022, defendant backhanded her on the face; and on July 13, 2022, defendant hit her on the face with a metal coat hanger, leaving a bruise.  The 2022 case did not list charges for these assaults.  The case proceeded to trial in 2024.  At the close of the State's case for the July 16, 2022 assault, defendant moved for judgment of acquittal, asserting that the State failed to produce evidence identifying defendant as the person who assaulted complainant.  The trial court concluded that the evidence was insufficient for the jury to infer that the person on trial was the same person who committed the offense and granted the motion to dismiss.

On the same day, the State charged defendant with six counts of second-degree aggravated domestic assault for the April 8, July 1, and July 13 incidents mentioned in the prior affidavit, charging separately for each date under 13 V.S.A. § 1044(a)(2)(A) and (a)(2)(B).  In support, the State filed the same affidavit that supported the charges brought in July 2022.

Defendant moved to dismiss based on vindictive prosecution. Defendant argued that the State filed the new charges because defendant pursued a motion for judgment of acquittal in the prior case. The court denied the motion, finding that defendant did not meet his burden of demonstrating actual or presumptive vindictiveness on behalf of the State. The court explained that it was not vindictive for the State to hold defendant responsible for other acts of domestic violence.

Prior to trial, defendant moved for a continuance or to exclude photographs that were recently provided to him by the State. Defendant claimed that the photographs were highly prejudicial, and that defendant needed more time to investigate the authenticity of the photographs. The court denied the motions but provided defendant an opportunity to depose complainant before she testified.

At trial, the State presented evidence from complainant and from a Bennington police officer. The officer testified that in July 2022, complainant made a report alleging defendant assaulted her and showed him photographs of the injuries on her phone. Complainant testified and described each assault. Defendant testified and denied assaulting complainant. He stated that complainant fell down the stairs on more than one occasion.

The jury found defendant guilty of assaulting complainant on April 8, but it acquitted him on the charges related to the July 1 and 13 incidents. Defendant filed a post-trial motion for judgment of acquittal, arguing that the court erred by admitting photographs of complainant's injuries and denying his motion to continue, and that the court lacked jurisdiction over the matter because the State did not establish that the April 8 assault took place in Vermont. The trial court denied the motion, ruling that the photographs were properly admitted, and there was sufficient circumstantial evidence that the April 8 offense occurred in Bennington. The court imposed a sentence of five-to-fifteen years to serve. Defendant appeals.

On appeal, defendant first argues that the trial court erred in denying his motion for judgment of acquittal because the State provided insufficient evidence that the assault occurred in Bennington, Vermont, and was therefore within the court's jurisdiction.[1] This Court applies the same standard as the trial court in assessing a motion for judgment of acquittal and thus views "the evidence in the light most favorable to the State, excluding any modifying evidence, and determine[s] whether it is sufficient to fairly and reasonably convince a trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Cameron, 2016 VT 134, ¶ 5, 204 Vt. 52 (quotation omitted); see V.R.Cr.P. 29 (providing for judgment of acquittal if "evidence is insufficient to sustain a conviction of such offense"). Because "[a] jury is in the best position to weigh facts and deliver a verdict," an acquittal will be granted "only when there is no evidence to support a guilty verdict." Cameron, 2016 VT 134, ¶ 5.

---

[1] The State argues that the issue of whether defendant's conduct occurred in Bennington as opposed to a different Vermont county is one of venue, and defendant did not properly preserve this argument because he failed to challenge venue in the trial court. The State points out that although complainant testified that defendant sometimes stayed in Troy, it was not clear whether she was referring to Troy, New York, or Troy, Vermont. Because we conclude that there was sufficient evidence for the jury to find that the events took place in Bennington, we do not reach these issues.

Viewing the evidence in the light most favorable to the State, there was sufficient circumstantial evidence for the jury to find that the events took place in Bennington, Vermont. Complainant testified that she was dating defendant in April 2022, and defendant lived with her and her four young children at the same residence in Bennington, Vermont, from 2020 to 2022. She explained, however, that there were times when defendant stayed with his other girlfriend in "Troy." She stated that defendant subjected her to physical and mental abuse. Complainant described each assault charged. As to the assault on April 8, she testified that defendant was standing at the top of the stairwell in the doorway of her daughter's room and threw a metal coffee cup down the stairs at her, hitting her in the leg. During his testimony, defendant denied throwing a metal cup at complainant, but admitted that he had a metal cup in their home and sometimes kept it upstairs with him. Complainant's testimony that defendant lived with her and her children combined with her description of where the assault took place, particularly the fact that defendant was standing by her children's room and the stairs, provided a sufficient basis for the jury to reasonably find that the incident took place in the home where the parties were living in Bennington. See State v. Jones, 2019 VT 3, ¶ 13, 209 Vt. 370 (explaining that "[j]uries may draw reasonable inferences from circumstantial evidence").

Defendant next argues that the trial court erred in denying his motion to dismiss for vindictive prosecution because the State charged him for conduct that was included in a prior charging affidavit for an acquitted charge. In general, prosecutors have broad discretion in deciding whether to institute criminal proceedings. Off. of State's Att'y Windsor Cnty. v. Off. of Att'y Gen., 138 Vt. 10, 13 (1979). Charges may be dismissed based on vindictive prosecution[2] when "there is a finding of actual vindictiveness, or if there is a presumption of vindictiveness that has not been rebutted by objective evidence justifying the prosecutor's action." United States v. Sanders, 211 F.3d 711, 716 (2d Cir. 2000) (quotations omitted). To show a vindictive motive, a defendant must prove "that the prosecutor's charging decision was a direct and unjustifiable penalty that resulted solely from the defendant's exercise of a protected legal right." Id. at 716-17 (quotations and citation omitted). An actual vindictive motion is shown through evidence that "(1) the prosecutor harbored genuine animus toward the defendant, or was prevailed upon to bring the charges by another with animus . . . and (2) the defendant would not have been prosecuted except for the animus." Id. at 717 (quotation and alternation omitted). The trial court's findings on prosecutorial vindictiveness are reviewed for clear error and the legal conclusion de novo. United States v. Stewart, 590 F.3d 93, 122 (2d Cir. 2009).

Defendant did not meet his burden of showing a vindictive motive here. The sole basis for vindictive prosecution that defendant identifies is that the State decided to charge defendant for behavior previously included in an indictment for a different charge that was ultimately dismissed by the court because the State failed to prove identity. There is no evidence to show that the State was seeking anything more than to hold defendant responsible for his assaultive acts against complainant. Defendant provided no evidence that the prosecutor had animus toward defendant or was prevailed upon to bring charges based on animus. The fact that the State chose initially not to bring charges for that conduct does not in itself provide a vindictive motive. See id. at 122-23 (rejecting defendant's vindictive-prosecution claim where, after

---

[2] Both defendant and the State employ a test used by the Court of Appeals for the Second Circuit. Because the parties do not dispute the elements of this test, we do not reach the question of whether this is the appropriate standard.

defendant successfully moved to dismiss indictment, government subsequently charged for different conduct contained in prior indictment).

Finally, defendant argues that the trial court erred in admitting photographs that were provided to defense counsel a few days before trial and in denying defendant's request for a continuance.[3] Complainant testified that after the April 8 incident, she took photographs of the injuries on her leg. She explained that she took the photographs with the phone she had at the time, and because that phone no longer had service, she had to take photos of the images on the old phone with her new phone to provide them to the State. She testified that she did not show them to anyone at the time because she was afraid of defendant. A Bennington police officer also testified that complainant showed the photos she took in July 2022. On January 10, 2025, in preparation for trial, complainant for the first time provided the photographs to the State's attorney, who promptly sent them to defense counsel. Prior to trial, defendant moved to exclude the photographs or for a continuance, arguing that the late disclosure was prejudicial. The court denied defendant's motion, concluding that defendant could have discovered the existence of the photographs if defendant had deposed complainant or the police officer. The court did delay proceedings to provide defendant with an opportunity to depose complainant.

After trial, defendant moved for a new trial, renewing his arguments about the photographs. Defendant asserted that there was insufficient time to investigate how the photographs were taken, downloaded, and transferred. The court denied the motion, finding that defendant was provided an opportunity to depose complainant prior to trial and that the existence of the photos could have been ascertained through the discovery process. Moreover, the State disclosed the photographs to defense counsel as soon as they were provided by complainant, and defendant did not provide an explanation of what would have been done to further examine the photographs in advance of trial.

On appeal, this Court reviews the trial court's decisions regarding admission of evidence and whether to grant a continuance for an abuse of discretion. See State v. Streich, 163 Vt. 331, 350 (1995) ("The granting of a continuance by the trial court is a matter of discretion."); State v. Sarkisian-Kennedy, 2020 VT 6, ¶ 22, 211 Vt. 390 (providing that decision to admit evidence is reviewed for abuse of discretion). The court here acted well within its discretion. The court found that the State had provided defendant with the photographs promptly once they were

---

[3] To the extent defendant argues on appeal that the photographs were not properly authenticated, he did not object to admission of the photographs on that basis below, and therefore the issue is not preserved for appeal. State v. Gomes, 162 Vt. 319, 330 (1994) (explaining that defendant must object to admission of evidence at trial to preserve issue for appeal).

Defendant also contends that the photographs impacted the impartiality of the jurors. During voir dire the State's attorney asked one juror whether the juror could convict without corroboration, and the juror indicated she would have difficulty convicting on testimony alone. Other jurors heard this exchange. Defendant argues that the fact that the State subsequently produced corroborating evidence might have improperly influenced jurors. There is no merit to this argument. Defendant did not challenge any of the jurors for cause on this basis and did not provide any support for his general allegation that the jury was not fair and impartial.

4

disclosed by complainant and permitted defendant time to depose complainant. Moreover, defendant failed to demonstrate what more he would have done to investigate the photographs if provided with more time.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice